[No. 4911.]

# STANISLAUS SOMO v. JAMES D. OLIVER.

CONTEST AS TO RIGHT TO PURCHASE STATE LAND. — A contest cannot be made before the Surveyor-General in respect to the right to purchase land for which a patent has been issued to one of the parties.

PLEADINGS IN SUIT TO TRY RIGHT TO PURCHASE LAND — *Query?* In an action to try the right to purchase swamp land, is an allegation in the complaint that the defendant is a non-resident of the State, admitted by a failure to deny in the answer?

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

Action to try the right to purchase the northeast one-quarter of the southeast one-quarter of section thirty-four, and the northwest one-quarter of the southwest one-quarter of section thirty-five, township thirteen north, range seventeen west, Mount Diablo meridian, lying in Mendocino County. The land was swamp and overflowed. A contest arose in the office of the Surveyor-General. The land in section thirty-five was patented to the defendant, Oliver, on the 2nd day of April, 1873. On the 28th of February, 1873, the plaintiff made application to

purchase the land. It was segregated by the United States in 1867. On the 10th day of April, 1873, the Surveyor-General made an order referring the contest to the Courts. The plaintiff, in his complaint, averred that a patent had been issued to the defendant, but that it was erroneously issued, because there had been no legal survey of the land prior to January 9th, 1873, and because he had the prior right to purchase by reason of a prior settlement. The Court gave judgment for the defendant, and the plaintiff appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*Benjamin Morgan*, for the Appellant.

*R. McGarvey*, for the Respondent.

By the COURT:

It appears on the face of the pleadings that before the contest originated in the office of the Surveyor-General, a patent had issued to the defendant for that portion of the land in controversy which is included in section thirty-five. Under sec. 3414 of the Political Code, no contest can be made before the Surveyor-General in respect to land for which a patent has been issued. The Court below, therefore, properly dismissed the action as to that portion of the land which is included in section thirty-five.

The Court below in its decree finds as facts, first, that the defendant, in the year 1861, made an application to purchase the land in controversy, and that he renewed his application after the land was segregated and prior to the application of the plaintiff; second, "that the defendant hath the legal capacity to purchase swamp land." On the motion for a new trial, these findings were attacked on the ground that they were not justified by the evidence. As to the forty-acre tract included in section thirty-four, we find nothing in the evidence tending to show that the defendant made an application to purchase it in 1861, or at any time prior to March, 1873. If there was any evidence tending to support this finding, it was the duty of the

respondent to see that it was inserted in the statement, and as we find no such evidence there, we must infer there was none. But it appears that the application of the defendant to purchase this forty-acre tract was made in March, 1873, and the application of the plaintiff to purchase the same tract was made in the following month. Assuming that the defendant first applied to purchase in March, 1873, and that the Court intended to find that he then had the legal capacity to purchase, this finding is also attacked on the ground that it was not justified by the evidence. Under sec. 3443 of the Political Code, a person is not competent to purchase swamp or overflowed land unless at the time of his application he be a resident of this State. The complaint avers expressly that the defendant was not a resident of the State, and this is not denied by the answer. But waiving the question whether this is an admission of this averment, in this peculiar class of actions, we think the finding to the effect that at the date of his application to purchase in March, 1873, the defendant had the legal capacity to purchase, is not supported by the evidence as the same appears in the statement.

Judgment and order reversed and cause remanded for a new trial.