PHILIP LOBREE, RESPONDENT, v. JOHN MULLAN
ET AL.  JOHN MULLAN, APPELLANT.

STATE LAND — RIGHT OF PURCHASE — ACTION TO DETERMINE — DEFENDANT
  MAY BE SERVED BY PUBLICATION — JURISDICTION. — In an action to de-
  termine the right of conflicting claimants to purchase certain state land,
  brought in pursuance of an order of reference made by the surveyor-gen-
  eral, the Superior Court acquires jurisdiction of the person of a non-resi-
  dent defendant by the service of summons upon him by publication.
  By applying to purchase the land, the defendant must be held to consent
  to this mode of service in advance.

APPEAL from a judgment of the Superior Court of
Tulare County.

The action was brought to determine, as between con-
flicting claimants, the right to purchase from the state
certain swamp and overflowed lands situated in Tulare
County.  The plaintiff, in pursuance of an order of refer-
ence made by the surveyor-general, commenced the ac-
tion against the defendants, and in due time obtained a
decree adjudging that the applications of the defendants
were void, and that the plaintiff was alone entitled to
have his application approved.  The defendant Mullan
was a non-resident of California, and a judgment by de-
fault against him was rendered after a constructive ser-
vice of summons by publication.  From this judgment
he appealed.  The further facts are stated in the opinion
of the court.

*Frederick S. Stratton*, and *C. A. Webb*, for Appellant.

The judgment in an action to determine the right of
conflicting applicants for the purchase of state lands
operates *in personam*, and consequently a judgment by
default against a non-resident defendant in such an ac-
tion is void for want of jurisdiction, if based upon a con-
structive service of summons by publication.  (Freeman
on Judgments, sec. 606; *Cunningham* v. *Shanklin*, 60 Cal.

125; *Cunningham* v. *Crowley*, 51 Cal. 133; *Hart* v. *Sansom*, 110 U. S. 153; *Pennoyer* v. *Neff*, 95 U. S. 714.)

*Brown & Daggett*, and *Charles G. Lamberson*, for Respondent.

The Superior Court had jurisdiction of the action. (Pol. Code, secs. 3414, 3416; Freeman on Judgments, secs. 606, 607; *Laugenour* v. *Shanklin*, 57 Cal. 70; *Cunningham* v. *Shanklin*, 60 Cal. 118.)

McKINSTRY, J.—Sections 3414, 3415, and 3416 of the Political Code read:—

" 3414.  When a contest arises concerning the approval of a survey or location before the surveyor-general, or concerning a certificate of purchase or other evidence of title before the register, the officer before whom the contest is made may, when the question involved is as to the survey, or one purely of fact, or whether the land applied for is a part of the swamp or overflowed lands of the state, or whether it is included within a confirmed grant, the lines of which have been run by authority of law, proceed to hear and determine the same; but when in the judgment of the officer a question of law is involved, or when either party demands a trial in the courts of the state, he must make an order referring the contest to the District Court of the county in which the land is situated, and must enter such order in a record-book in his office.

" 3415.  After such order is made, either party may bring an action in the Superior Court of the county in which the land in question is situated to determine the conflict, and the production of a certified copy of the entry made by either the surveyor-general or the register gives the court full and complete jurisdiction to hear and determine the action.

"3416.  Upon filing with the surveyor-general or register, as the case may be, a copy of the final judg-

ment of the court, that officer must approve the survey or location, or issue the certificate of purchase or other evidence of title in accordance with such judgment."

The statutes might have provided that the register should determine questions of *law* as well as questions of fact between those seeking to purchase the same tract of state lands, and made his determination final, so as to entitle the party in whose favor it might be to the certificate of purchase. In such case, all intended purchasers would have had notice of the fact that their right to the certificate would thus be determined by the register.

The jurisdiction of the Superior Court to determine these contests is derived from section 3415 of the code. *Pro hac* the court acts in the place of the officer; its judgment or that of the appellate court being made conclusive on the officer by the statute. The order of the register referring the matter is based upon a *contest* already existing in the land-office,—a contest of which both parties have notice,—and both must be assumed to have notice of the order. The order, and all proceedings prior and subsequent to the order of reference, assume the title to the land to be in the state. When a person applies to purchase lands of the state, he knows that, in case a contest arises between himself and another applicant, the dispute may under certain circumstances be decided by the register, or that it may be referred to the Superior Court, and that in the last case, if the action (which is a mode of bringing the contest before the court) is commenced by the other contestant, he may be notified of it by publication of the summons in case he is not a resident of the state. He consents to this mode of service in advance. The state has consented by the statute that the judgment shall determine which of the two contestants shall receive the certificate of purchase, and the judgment, to the full extent of its scope and purpose, is binding on all the world. Whether the

proceeding is *ad rem* strictly or not the applicant has subjected himself in advance to the mode of deciding his right to purchase provided by the statutes. The court, like the register, is an agent of the state, to whom is committed the power of determining whether the applicant has complied with the terms on which alone he is permitted to purchase the land. The case does not come within the rule laid down in *Pennoyer* v. *Neff*, 95 U. S. 714.

Judgment affirmed.

MYRICK, J., and MORRISON, C. J., concurred.