[No. 12262.   Department Two. — January 11, 1890 ]

CHARLES BODE, RESPONDENT, v. O. S. TRIMMER, ADMINISTRATOR, ETC., APPELLANT.

STATE SCHOOL LAND — CONTEST OF RIGHT TO PURCHASE — SURVEY AND LISTING — PRESUMPTION — SUPPORT OF FINDING AS TO SURVEY. — When the pleadings of both parties upon a contest of the right to purchase school land state that a proper survey was made, and a copy of the order of the state surveyor-general, certifying that the land was listed to the state by the register of the United States land-office, is introduced in evidence without objection, the pleadings and evidence, taken together with the presumption that the certificate is truthful, and that the proper officers have performed the duties required of them before such certificate could be made, there being no evidence to the contrary, are sufficient to sustain a finding that the land had been surveyed by the surveyor-general of the United States, and that the survey and plat duly approved was filed by him in the United States land-office, before the listing of the land to the state.

ID. — CONTEST ASSUMES STATE'S TITLE. — A contest of a right to purchase land from the state is a proceeding in which, from its very nature, the order for a reference of the contest, and all proceedings prior and subsequent thereto, assume the title of the land to be in the state, certainly so far as the plaintiff and defendant are concerned.

ID. — EVIDENCE OF CITIZENSHIP — PRESUMPTION — PROOF OF NATURALIZATION — GREAT REGISTER. — In order to show a right to purchase the land of the state, the applicant must prove his citizenship, or that he has filed his intention to become a citizen of the United States. If it appears that the party is an alien by birth, his original *status* is presumed to continue until the contrary is shown; and his naturalization must be proved by record evidence, showing the action of the court, and cannot be proved by parol evidence of the party that he is a citizen, or has been naturalized. Nor is the great register of the county showing the registration of the party by another name, in connection with parol evidence that he had voted under that name, admissible to prove his citizenship, or the filing of an intention to become a citizen.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*William H. Webb*, and *F. Sherwood*, for Appellant.

The burden rests upon each party to establish his own right, without any regard to the allegations or proofs of

LXXXII. CAL.—33

the other. (*Wood* v. *Sawtelle*, 46 Cal. 392; *Cadierque* v. *Duran*, 49 Cal. 356; *Lane* v. *Pferdner*, 56 Cal. 122; *Christman* v. *Brainard*, 51 Cal. 534, 536; *Wright* v. *Laugenour*, 55 Cal. 280; *Gilson* v. *Robinson*, 68 Cal. 543.) Plaintiff, in his complaint, alleged the fact of a survey, but failed to prove it, and the court was not authorized to make a finding of that fact in the entire absence of proof. That it was necessary for him to so aver and prove, we refer this court to the cases of *Finney* v. *Berger*, 50 Cal. 248; *Medley* v. *Robertson*, 55 Cal. 396; *Middleton* v. *Low*, 30 Cal. 604; *Oakley* v. *Stuart*, 52 Cal. 521; *Terry* v. *Megerle*, 24 Cal. 609; 85 Am. Dec. 84; *Grogan* v. *Knight*, 27 Cal. 518, 519. Nor can any presumption arise of the making of a survey, from the mere fact that the defendant held a certificate of purchase of the land. (*Murphy* v. *Sumner*, 74 Cal. 316.)

*S. F. Geil & H. V. Morehouse*, for Respondent.

The certificate of listing presupposes a survey of the land. (Pol. Code, sec. 3409.) The contest assumes the state's title. (*Lobree* v. *Mullan*, 70 Cal. 152; *Taylor* v. *Weston*, 77 Cal. 534.) The official duty of the surveyor-general must be presumed to have been regularly performed. (*People* v. *Otto*, 77 Cal. 45; *Upham* v. *Hosking*, 62 Cal. 259; *Whittaker* v. *Pendola*, 78 Cal. 296.) Plaintiff was required to prove that he was a citizen. (Pol. Code, sec. 3495; *Lee Doon* v. *Tesh*, 68 Cal. 43; *Golden Fleece Co.* v. *Cable Con. Co.*, 12 Nev. 312; *Chapman* v. *Tay Long*, 4 Saw. 28.) The production of the great register was inadmissible for any purpose. (*In re Crozier*, 74 Cal. 180.) Naturalization cannot be proved by parol. (*Charles Green's Sons* v. *Salas*, 31 Fed. Rep. 106.) The original *status* of an alien is presumed to continue until the contrary is shown. (*Haneustein* v. *Lynham*, 100 U. S. 483; Best on Presumptions, sec. 186.)

FOOTE, J. — This action was brought to determine a contest arising in the office of the surveyor-general of

the state of California, with respect to which of two parties had the better right to purchase certain school lands from the state. The matter was referred by the surveyor-general to the superior court of Monterey County for adjudication, under the provisions of section 3414 of the Political Code. Judgment was rendered in favor of the plaintiff, as having the right to purchase the land in dispute. Pending a motion for a new trial the defendant died, and the cause was revived in the name of his administrator, and the motion was denied. From the order made in the premises and the judgment, this appeal is prosecuted.

The appellant makes the point that the eighth finding of fact is without evidence to support it; his contention being that, although it is found that previous to the filing of the application of the plaintiff to purchase the land, it had been surveyed by the surveyor-general of the United States, and the survey and plat duly approved was filed by him in the United States land-office, etc., that nevertheless there was no evidence of such facts in the record.

Both plaintiff and defendant state in their pleading that a proper survey was made, and the copy of the order of the state surveyor-general, which was introduced in evidence without objection, states that "on March 24, 1869, H. C. Rollins, register of the United States land-office for the San Francisco district, certified that there was no valid claim adverse to that of the state of California for all the above-described land."

Section 3409 of the Political Code provides that "the surveyor-general must, after the survey of any township by the United States surveyor-general, obtain from the United States land-office a statement showing whether or not the sixteenth and thirty-sixth sections therein belong to the state." This statement cannot be properly obtained until a survey of the township is made; and the sixteenth and thirty-sixth sections cannot be truthfully

stated by the United States land-office to belong to the state until they are ascertained and fixed by the survey, nor can they be demanded from the United States or listed to the state until such survey.

It is a proper presumption that officers have performed their duty. (*People* v. *Otto*, 77 Cal. 47; Code Civ. Proc., sec. 1963, subd. 15.)

It would seem, therefore, that it should be presumed that the certificate is truthful, and that the proper officers have performed the duties which were required of them, before such statement could be made, which includes the making of the survey, and that the land belonged to the state,—especially since in this case the pleadings of both parties state that a survey was made, etc.; and there is no evidence in the record which even hints to the contrary. And this is a proceeding, too, in which, from its very nature, the order for a reference of the contest, and all proceedings prior and subsequent thereto, assume the title of the land to be in the state, certainly so far as the plaintiff and defendant are concerned. (*Lobree* v. *Mullan*, 70 Cal. 152; *Taylor* v. *Weston*, 77 Cal. 534.)

This view of the matter disposes of the next point made by the appellant, viz., that the decision was against law, because there was no proof, as he claims, that any survey of the lands was ever made.

It is further urged by counsel for the appellant that the court erred in striking out, upon motion of the plaintiff, the parol evidence of the defendant as to his being a citizen of the United States, and also the great register of the county, introduced to show his citizenship. The defendant had testified that he was a naturalized citizen of the United States, and therefore an alien by birth. He also stated that he had been naturalized in the state of Indiana.

The great register showed that he was registered as John Madigan, and he stated that he had voted in Mon-

terey as John Madigan. The name by which he appeared in the action was John McBride. The evidence was objected to when offered, but was allowed to go in subject to a motion to strike out, which, as we have seen, was made and granted.

There was no other evidence offered by the defendant which proved, or tended to prove, that he was a citizen of the United States, or had declared or filed his intention of becoming one.

In order to purchase the land, it must appear that an applicant is a citizen of the United States, or has filed his intention to become such. (Pol. Code, sec. 3495.) Statutes of this kind confer rights upon a particular class of persons, or by reason of their possessing some special qualification or *status*, and one who desires to obtain the benefit or advantages thereby accruing "must show himself to belong to the class designated, or to possess the qualifications prescribed, or the *status* mentioned as the basis of the right." (*Lee Doon* v. *Tesh*, 68 Cal. 45, 46.)

It being in evidence that the defendant was an alien by birth, "his original *status* is presumed to continue until the contrary is shown. (*Hauenstein* v. *Lynham*, 100 U. S. 483.) It may be considered as settled that the naturalization of an alien as a citizen of the United States is a judicial act, and it follows that, to be effective, it must be done by a court of competent jurisdiction. . . . . Of naturalization, then, there must be, as in other judicial matters, that judgment which is 'the end of the law.' . . . . Now, how is this judgment shown? In the nature of things, it must be a matter of record. A court speaks by its dockets, minutes, or records. Where there is no record, there is no judgment. (*Plant* v. *Gunn*, 2 Woods, 378.) . . . . Proceedings of naturalization have to be recorded,—'which proceedings shall be recorded by the clerk of the court,' is the language of the act of Congress on the subject. (2 Story, Laws U. S. 851.)

Nor is it competent to supply alleged deficiencies in the record by parol evidence. The record, if not correctly made up, or if lost or destroyed, should be perfected or replaced by appropriate proceedings in the court where the judgment was pronounced. (Freeman on Judgments, sec. 38; Bigelow on Estoppel, 34.) Naturalization cannot be proved by parol. (*Slade* v. *Minor*, 2 Cranch C. C. 139; *Dryden* v. *Swinburne*, 20 W. Va. 89; 18 U. S. Dig., N. S., 18"; *Charles Green's Sons* v. *Salas*, 31 Fed. Rep. 107–111.)

It is clear, therefore, that neither parol testimony nor the great register, as proffered, was admissible to prove citizenship, or the filing of an intention to become such.

No prejudicial error appearing, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

McFARLAND, J., concurring. — I concur in the judgment. No proper evidence of defendant's naturalization was offered; but I am not clear that the rule stated in the opinion of Mr. Commissioner Foote, about proof of naturalization, is entirely correct.