[No. 14793.    Department One. — September 9, 1892.]

## THE PEOPLE, APPELLANT, v. H. W. SWIFT ET AL., RESPONDENTS.

PLEADING — DEFECTIVE DENIALS — WAIVER OF OBJECTION. — Denials in an answer, that the defendant "has no knowledge or information sufficient to enable him to form a belief as to the truth of or to answer the allegation in said complaint contained," repeating the allegation, and " therefore he denies the said allegation, and the whole thereof," although imperfect, and not in conformity with the statute, will not be held fatally defective upon appeal, where it appears that the plaintiff treated them as creating an issue, and made no objection thereto upon the trial, and the court also so considered them in deciding the cause and granting a nonsuit.

CANCELLATION OF STATE PATENTS — FRAUD — PROTECTION OF BONA FIDE PURCHASER. — In an action by the state to cancel patents for timberland, upon the ground that the grantors of the defendants procured the patents by fraud, an answer that the defendants are bona fide purchasers of the land for value, without notice of the alleged fraud, or of any fraud practiced in procuring the title from the state, presents a perfect defense.

ID. — RULE OF EVIDENCE — FRAUD — NOTICE TO PURCHASER — SUSPICION. — The evidence necessary to be produced in a court of equity to justify the setting aside of a patent to state or United States lands must be clear, convincing, and unequivocal; and this rule applies not only to the matter of fraud practiced upon the government, but also to the good faith and innocence of the subsequent grantee, and to the proof that he connived at or had notice of such fraud. The proof must be full and complete, and evidence merely creating a suspicion of fraud, or a suspicion of notice of fraud, however strong, is not sufficient.

ID. — PURCHASE OF EQUITABLE TITLE — ACQUISITION OF LEGAL TITLE — DEFENSE OF BONA FIDE PURCHASE. — The equitable title of a purchaser of public land from an entryman holding simply a certificate of purchase, before a patent has issued, ripens into a perfect legal title upon the issuance of a patent to the entryman; and the rule that the defense of a bona fide purchase does not apply to the purchase of an equity will not preclude such defense in an action by the government to cancel the patents so issued.

APPEAL from an order of the Superior Court of Humboldt County denying a motion for a new trial.

The facts are stated in the opinion of the court.

*Attorney-General W. H. H. Hart*, and *John W. Turner*, for Appellant.

The denials in the answer are insufficient to constitute an issue, and the allegations of the complaint must be

taken as true. (*Landers* v. *Bolton*, 26 Cal. 417; 85 Am. Dec. 78; *Gay* v. *Winter*, 34 Cal. 161; Code Civ. Proc., sec. 590. See also *Cunningham* v. *Skinner*, 65 Cal. 385; *People* v. *McCumber*, 18 N. Y. 315; 72 Am. Dec. 515.) The patents, having been obtained by fraud by the original parties, should be set aside and canceled. (*United States* v. *Minor*, 114 U. S. 234; *Moffat* v. *United States*, 112 U. S. 24. See *McGregor* v. *Donelly*, 67 Cal. 151.) Title obtained by fraud makes the holder a trustee, and the purchaser from such holder with notice becomes a voluntary trustee for the state. (*Plummer* v. *Brown*, 70 Cal. 544; *Smelting Co.* v. *Kemp*, 104 U. S. 636; *Moore* v. *Robbins*, 96 U. S. 530.) The contract here made was clearly to evade the law (*McGregor* v. *Donelly*, 67 Cal. 150; *Kreamer* v. *Earl*, 91 Cal. 112), and therefore will be set aside as against public policy. (*Dial* v. *Hair*, 18 Ala. 800; 54 Am. Dec. 179; *Smith* v. *Johnson*, 37 Ala. 636.) The deeds to the defendants were made before the patents were issued, and they therefore purchased an inchoate or imperfect title, and must stand or fall by it as it existed in the hands of their grantors. (*McSorley* v. *Hill*, 2 Wash. St. 638.) The claim of innocent purchaser without notice does not aid such respondents. (*Kramer* v. *Arthurs*, 7 Pa. St. 170; *Briscoe* v. *Ashby*, 24 Gratt. 479; *Taylor* v. *Weston*, 77 Cal. 534.)

*Horace L. Smith*, for Respondents.

The plaintiff is estopped from questioning the sufficiency of the answers for the first time upon appeal, as the action was tried upon the theory that the answers denied all the allegations of the complaint, and the plaintiff introduced evidence to prove the allegations of its complaint. (*White* v. *San Rafael etc. R. R. Co.*, 50 Cal. 417; *Tevis* v. *Hicks*, 41 Cal. 123; *Smith* v. *Penny*, 44 Cal. 161; *Horton* v. *Dominguez*, 68 Cal. 642.) The evidence is clearly insufficient to justify the cancellation of the patents. The evidence, to warrant such action, must be clear, unequivocal, and convincing. (*Colorado Coal Co.* v. *United States*, 123 U. S. 307.) Even if the land had

been acquired by fraud, the title having passed to *bona
fide* purchasers, the patents could not be canceled. (*Colorado Coal Co.* v. *United States,* 123 U. S. 307; *United
States* v. *Budd,* 143 U. S. 575.)

GAROUTTE, J. — This action was brought by the state
to cancel certain patents issued for redwood timber-land
situated in Humboldt County.   After the certificates of
purchase were issued to the several entrymen, each respectively conveyed the land included in his certificate
to David Evans, who subsequently conveyed to one J.
D. Walker, and upon June 16, 1885, Walker conveyed
to the defendants H. W. Swift, T. W. Harvey, and Robert J. Walker, as trustees for other persons.   It is sought
by plaintiff to cancel these patents, upon the grounds
that they were procured by fraud and conspiracy practiced by the various parties to these transfers, in connection with other persons, for the benefit of and with
the full knowledge and active consent of the defendant the California Redwood Company, a corporation.
This corporation answered the complaint, denying the
allegations thereof, and disclaiming any interest in the
land involved in the litigation, and thereupon the action
was dismissed as to such defendant.   The defendants
Swift, Harvey, and Walker denied the allegations of the
complaint as to any fraud or conspiracy, admitted the
land was conveyed to them as trustees, and set out that
they held it in trust for the Humboldt Redwood Company, Limited, and that such company was a *bona fide*
purchaser for a valuable consideration, and without notice of any fraud practiced in the procurement of the
title from the state.

The plaintiff was nonsuited, and now appeals from
the order denying the motion for a new trial.   Many of
the denials of the answer are as follows: " And further
answering, this defendant says 'that he has no knowledge or information sufficient to enable him to form a
belief as to the truth of or to answer the allegation in
said complaint contained, that . . . . and therefore he

denies the said allegation, and the whole thereof.'" It is now insisted by appellant that these denials are not sufficient to constitute an issue, and that all the allegations of the complaint, where such character of denial exists in the answer, must be taken as true. The form of the denials is neither in line with the statute, nor valuable for future precedent, yet no objection was made to its sufficiency in the trial court, and the case undoubtedly went to judgment upon the theory that these denials were sufficient to create an issue. While they are imperfectly made, we do not consider them fatally defective, in view of the fact that appellant treated them as creating an issue, by supporting the allegations of the complaint in such regard with evidence, and from the further fact that the trial court undoubtedly so considered the matter in passing upon the motion for a nonsuit. To now sustain appellant's contention, as to the insufficiency of the denials, would not only be an injustice to respondents, but an injustice to the trial court. As was said in *White* v. *San Rafael etc. R. R. Co.*, 50 Cal. 419: " The case seems to have been tried upon the supposition that the answer presented a sufficient denial to the allegations of the complaint, and to raise the objection for the first time in this court is too late."

If the defendants are *bona fide* purchasers for value without notice, their title cannot be attacked by the state, notwithstanding fraud was practiced by their grantors in securing the patents. The recent case of *Colorado Coal Co.* v. *United States*, 123 U. S. 307, is in many essential features similar to the case at bar, and there the court, speaking to this point through Mr. Justice Matthews, said: " It is fully established by the evidence that there was no actual settlements and improvements on any of the lands, as falsely set out in the affidavits in support of the pre-emption claims, and in the certificates issued thereon. This undoubtedly constituted a fraud upon the United States sufficient in equity as against the parties perpetrating it, or those claiming under them with notice of it, to justify the cancellation of the patents

issued to them.   But it is not such a fraud as prevents
the passing of the legal title by the patents.   It follows,
that to a bill in equity to cancel the patents upon these
grounds alone, the defense of a *bona fide* purchaser for
value without notice is perfect."

It is insisted that defendants were not innocent pur-
chasers, and for that reason are not entitled to the bene-
fits of the rule quoted.   Before passing to an examination
of the record upon this point, we would say the evidence
necessary to be produced in a court of equity to justify
the setting aside of a patent to state or United States
lands must be clear, convincing, and unequivocal.   As
was said in the *Maxwell Land Grant Case*, 121 U. S. 381:
"It is not to be admitted that the titles by which so
much property in this country and so many rights are
held, purporting to emanate from the authoritative ac-
tion of the officers of the government, and as in this
case, under the seal and signature of the President of
the United States himself, shall be dependent upon the
hazard of successful resistance to the whims and caprices
of every person who chooses to attack them in a court
of justice; but it should be well understood that only
that class of evidence which commands respect, and that
amount of it which produces conviction, shall make such
an attempt successful."

The foregoing rule of evidence not only applies to the
matter of fraud practiced upon the government by the
entrymen or others in the actual procurement of the pat-
ents, but applies with equal force and effect to the good
faith and innocence of the subsequent grantee.

Upon a careful examination of the record, we are of
the opinion that the evidence entirely fails to establish
the fact that defendants actually connived at, or had
notice of, the fraud and perjury practiced in the pro-
curement of these patents; for that some of them at
least were procured through fraud and perjury amply
sufficient to justify their cancellation by the state if
held by the original parties or those claiming under
them with notice, the evidence fully indicates.   The ac-

tual purchasers of these lands were principally residents
of Scotland, and it is not claimed that they were person-
ally conversant with any of the details of the transac-
tion; but it is insisted that their agent, one J. D. Walker,
living in San Francisco, made the agreement of pur-
chase with notice of the frauds to be practiced in the
procurement of the title. We find but one fact in the
case that to any degree casts suspicion upon the good
faith and innocence of Walker in entering into this
agreement of purchase, and that is the fact that he
knew at the date of the agreement that the lands were
the public lands of the state. But to create a suspicion of
fraud, however strong that suspicion may be, is not suffi-
cient under the rules of evidence by which we are guided;
these parties should not lose their lands by a judgment
based upon evidence from which suspicions, inferences,
and conjectures of fraud only can be deduced; the sta-
bility of titles demands that a patent should only be an-
nulled by a court of equity upon full and complete proof,
— upon testimony which the courts say must be " clear,
unequivocal, and convincing." As against the suspicion
of fraud created by Walker's knowledge that the title to
these lands was vested in the state, we have his positive
denials in detail of any participation in or knowledge of
any fraud of any kind or character practiced in the pro-
curement of these patents. His testimony, if true, sus-
tains the judgment, and the character of the judgment
clearly indicates that such testimony favorably im-
pressed the trial court.

It is insisted that defendants having purchased the
land before the patent issued, they simply purchased an
equity, and that the rule of *bona fide* purchasers for value,
without notice, does not apply to equitable titles. If de-
fendants' title had not ripened into a perfect legal title
by virtue of the issuance of the patents prior to the
commencement of this action, there would be merit in
the contention, under the authority of *Taylor* v. *Weston*,
77 Cal. 534. But in that case, after a careful review of
the authorities, the opinion of the court concludes by

saying: "It is hardly necessary to add, that in what we have said we have no reference to cases where the legal title has passed to the person through whom the *bona fide* purchaser claims." That is the status of this case exactly, and there can be no question but that these *bona fide* purchasers, being possessed of a perfect legal title at the time this attack was made, although having purchased prior to the issuance of the patent, were in no worse position than though the patent had issued prior to the date of their purchase.

Let the order be affirmed.

HARRISON, J., and PATERSON, J., concurred.