[Civ. No. 167.  Third Appellate District.—March 23, 1906.]

W. J. MILLER, Respondent, v. J. M. ENGLE, Intervener, Appellant (Successor to LOUIS DONOVAN, Defendant).

STATE LANDS—CONTEST—STATEMENT OF GROUNDS—RIGHTS OF PAR-TIES.—The contest over the purchase of state land arises where two persons make separate applications to purchase the same land. An applicant who contests the right of a ·prior holder of a cer-tificate of purchase is not required to file a statement of the specific grounds of contest with the surveyor general. Either party to the contest may demand a trial in court, and after the con-test is properly referred, either party may bring an action thereon.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action by the con-testant, a complaint setting forth his application and affidavit, and averring that he filed with the surveyor general his written protest against the application of the defendant and certificate of purchase issued to him, and demanded that the conflicting claims of plaintiff and defendant be referred to the superior court of the county, and that said officer declared a contest to exist, concerning the right to purchase said land, and that he thereupon duly made and entered an order referring said contest to said court, is suffi-cient, and, if proved, will entitle the plaintiff to judgment, if not countervailed by proof for the opposing party.

ID.—CONTEST FOR PAID-UP CERTIFICATE FOR LIEU LAND.—A contest may be made by a subsequent applicant for the purchase of timber land not suitable for cultivation, which is lieu land, as indemnity for school land, not listed to the state or subject to patent, against

the holder of a certificate of purchase who has paid in full for the land, but whose certificate states that "patent will not issue until after such lands have been confirmed to the state," and also "after having in all other respects [other than paying for the lands] complied with the requirements of the laws providing for the sale of said lands."

ID.—EFFECT OF CERTIFICATE—CONSTRUCTION OF CODES.—Section 1925 of the Code of Civil Procedure, making a certificate of purchase of state land "primary evidence of title," is controlled by the later amendment of section 3514 of the Political Code making such certificate "prima facie evidence," and under section 4481 of the Political Code, that section of the Code of Civil Procedure does not apply to special provisions of the title relating to the public lands, and their disposition. It is a cardinal rule of statutory construction that specific provisions on a particular subject control general provisions for the class to which the subject belongs.

ID.—STATUTE AS TO CONTEST OF CERTIFICATE—ENTRY IN VIOLATION OF LAW—POLICY OF LAW—PROOF OF REQUIREMENTS.—Section 3414 of the Political Code, providing for a contest "concerning a certificate of purchase, or other evidence of title," makes no distinction between certificates partly paid or fully paid, and cannot be held as allowing an entryman to shield himself from the effects of an entry in violation of the statute, or to shut off investigation by simply paying in full for the land, or as allowing a departure from the policy of the law, that upon the contest of a certificate of purchase before the right to a patent has attached, the holder of the certificate must prove that the requirements essential to a valid application for the land have been complied with.

ID.—EFFECT OF ASSIGNMENT OF CERTIFICATE—PROOF BY ASSIGNEE.— Though a certificate of purchase, whether partly or fully paid, is assignable, yet investigation cannot be shut off in either case by an assignment thereof, but the assignee, whether he has paid therefor or not, stands in the shoes of the assignors, and if intervening to defend a contest against his assignor, must prove the facts set forth in the application and affidavit of his assignor, and show their truth, else he must fail.

ID.—NOTICE OF FRAUD OF ASSIGNOR—PLEADING.—It was not necessary that the contestant plaintiff should allege or prove previous knowledge or notice to the assignee of any fraud on the part of the assignor in procuring the certificate.

ID.—FAILURE OF EVIDENCE—FINDINGS.—Notwithstanding averments of the assignee as intervener as to the assignor's right to purchase the land, yet, where there was no evidence adduced by him other

than the certificate of purchase and the assignment, the court was authorized to find that he had no right to the land, and that plaintiff, who had proved his case, was entitled thereto. When a party alleges a material fact, and offers no evidence in support of it, the court is authorized, if it is denied, to find its nonexistence.

APPEAL from a judgment of the Superior Court of Plumas County. E. P. McDaniel, Judge.

The facts are stated in the opinion of the court.

Goodwin & Moncur, and J. D. Goodwin, for Appellant.

W. A. Gett, and L. N. Peter, for Respondent.

CHIPMAN, P. J.—This is an action commenced under sections 3414 and 3415 of the Political Code to determine the right to purchase certain lieu lands as indemnity for school land upon a contest between plaintiff and defendant, Donovan, on reference by the surveyor general as register of the state land office, to the superior court of Plumas county. J. M. Engle, by leave of court, filed a complaint in intervention as the assignee of defendant's certificate of purchase. Plaintiff moved to strike from the files the complaint in intervention, and also filed a general demurrer to the same. The motion was denied, and the demurrer was overruled. The default of defendant for failure to appear was duly entered, and intervener, Engle, made answer. Judgment was entered in favor of plaintiff and against the intervener, and the latter appeals from the judgment on bill of exceptions.

Plaintiff has moved the court to dismiss the appeal on the grounds: First, that appellant is not a party aggrieved within the meaning of section 938 of the Code of Civil Procedure; second, that this court has no appellate jurisdiction in actions brought under section 3414 of the Political Code, for the reason that such actions were special. Upon this second point we understand that the jurisdiction of the appellate court is questioned only as to the intervener, and as to him because he was not a party to the contest in the land office.

The view we have taken of the case does not require that we should decide the motion to dismiss.

1. Appellant contends that, under section 3414 of the Political Code, the contestant must file a statement of the specific grounds of contest with the surveyor general. The section makes no such requirement. A contest arises when two persons make separate applications to purchase the same state land, if the land is still open to location; and ''when either party demands a trial in the courts of the state, he [the surveyor general as *ex-officio* register of the state land office] must make an order referring the contest''; and section 3415 provides that ''after such order is made either party may bring an action in the superior court of the county in which the land is situated, to determine the conflict, and the production of a certified copy of the entry, made by either the surveyor general or the register, gives the court full and complete jurisdiction to hear and determine the action.'' The complaint sets forth plaintiff's application and affidavit, and avers that he filed with this officer his written protest against the application of and certificate of purchase issued to defendant, and demanded that the conflicting claims of plaintiff and defendant be referred to the superior court of Plumas county, and that said officer declared a contest to exist concerning the right to purchase said land, and that he thereupon duly made and entered an order referring said contest to said court. These averments are supported by the evidence, and are sufficient.

2. It is next contended that the certificate held by intervener, Engle, assignee of defendant, Donovan, is not the subject of a contest in the state land office, chiefly for the reason that Donovan had paid in full for the land and his certificate is equivalent to a patent and must be treated the same as if patent had issued. It appears that the land involved is timber land, not suitable for cultivation. Defendant Donovan applied to purchase on October 14, 1902, and in April, 1903, one Perrin and intervener, Engle, filed their affidavit in the office of the surveyor general stating that the land was unfit for cultivation. On May 15, 1903, Donovan's application was approved, and on May 26, 1903, the county

treasurer received a check for payment in full for the land, and on June 1, 1903, a certificate of purchase was issued in the name of Donovan reciting payment in full by him and stating that "on surrendering this certificate to the state of California and after the said lands have been confirmed to the state, the said Louis Donovan, or his assigns, shall be entitled to receive a patent for the same." Intervener introduced a deed dated June 8, 1903, purporting to have been executed and acknowledged on that day by Donovan and indorsed as recorded at Donovan's request on June 12, 1903, conveying the land to intervener. The county treasurer testified that he did not know Donovan and that no man representing himself by that name came to his office or offered to pay for the land, and that payment was made by the check of F. A. Hyde, a land attorney. Plaintiff's application and affidavit were filed in the office of the surveyor general on July 24, 1903, numbered 4323, but approval was refused, and on August 8, 1903, a contest was declared to exist, and the order of reference to the superior court was duly made, and on September 4, 1903, plaintiff's complaint was filed. The court found, on sufficient evidence, that plaintiff was a qualified entryman; that his application and affidavit conformed in all respects to the requirements of the law, and that the facts therein set forth were true. The only evidence introduced by intervener was the original certificate of purchase issued to Donovan and the deed from Donovan to intervener, with the indorsements showing recordation in Plumas county on June 12, 1903. Appellant cites *Somo* v. *Oliver,* 52 Cal. 378 (approved in *McFaul* v. *Pfankuch,* 98 Cal. 402, [33 Pac. 397]), to the effect that a contest cannot be made before the surveyor general in respect to the right to purchase land for which a patent has been issued to one of the parties. *McCabe* v. *Goodwin,* 106 Cal. 490, [39 Pac. 941], is cited, where it was said: "When a party is authorized to demand a patent for land, his title is vested as much as if he had the patent itself, which is but evidence of title." It is claimed that this is the doctrine relative to government entries of public land, as shown in *Simmons* v. *Wagner,* 101 U. S. 260; *Barney* v. *Dolph,* 97 U. S. 652; *Stark* v. *Starr,* 73

U. S. 402; *McNee* v. *Donahue,* 76 Cal. 506, [18 Pac. 438]. Furthermore, that the certificate is made primary evidence of title by section 1925 of the Code of Civil Procedure. It is further claimed that contests arising under section 3414 of the Political Code are based on the assumption that title to the contested land still remains in the state; citing *Lobree* v. *Mullan,* 70 Cal. 152, [11 Pac. 685]; *Bode* v. *Trimmer,* 82 Cal. 516, [23 Pac. 187].

As to the application of section 1925, Code of Civil Procedure, we have this to say: Section 3514 of the Political Code relates to the public lands of this state and their disposition, and is found in the title so designated. The section, as amended in 1874 (Code Amendments 1873-74, p. 52), makes a certificate of purchase *prima facie* evidence of title. Section 4480 of the Political Code requires that the "four codes must be construed (except as in the next two sections provided) as though all such codes had been passed at the same moment of time, and were parts of the same statute." But section 4481 provides that "if the provisions of any title conflict with or contravene the provisions of another title, the provisions of each title must prevail as to all matters and questions arising out of the subject matter of such title." It is a cardinal rule of statutory construction that specific provisions upon a particular subject control general provisions for the class to which the subject belongs. (Endlich on Interpretation of Statutes, sec. 399.) It seems to us that under section 4481, the section of the Code of Civil Procedure (1925) relied upon by appellant does not apply; and besides, section 3514 of the Political Code was amended since section 1925 of the Code of Civil Procedure was enacted, and is the latest expression of the legislative will on the particular subject. Section 3414 makes no distinction between certificates of purchase on which there has been partial payment and certificates where full payment has been made. Donovan's certificate shows that patent will not issue until after the "said lands have been confirmed to the state," and also "after having in all other respects (other than paying for the lands) complied with the requirements of the laws providing for the sale of said lands." Section 3519 of the Political Code pro-

vides that patent will issue "whenever final payment has
been made for any tract of land, the selection of which
has been accepted and approved by the United States au-
thorities," etc., but, under section 3521 of the same code,
"no patent must issue until after the expiration of one year
from the date of approval of the survey or location by the
surveyor general, nor until the lands are relinquished to the
state by authority of the general land office at Washington."
The section does not require relinquishment of locations of
school "land in place," but the location here is for lieu and
not for school lands in place. By the terms of the law and by
the terms of the Donovan certificate as the facts appear,
Donovan was not entitled to a patent when the action was
commenced. The government has not, so far as appears,
relinquished and may never relinquish these lands.

We do not understand the case of *McCabe* v. *Goodwin,*
*supra,* to hold that the state is precluded from entertaining a
contest or from ordering a reference under section 3414 be-
cause one of the applicants has paid in full at the time he
made his application. At page 491 it is stated: "If any
other interested person would show that the state is not
bound to comply with such contract [the certificate as evi-
dence of a contract to convey (*Taylor* v. *Weston,* 77 Cal. 540,
[20 Pac. 62] ) ], he is authorized by section 3414 of the Political
Code to procure a judicial determination of this question by
having previously instituted a contest in the surveyor gen-
eral's office, and causing a transfer to the superior court."
The case seems to proceed upon the assumption that McCabe
had a standing in court sufficient to enable him to institute
the contest, and what was said as to the effect of the certificate
held by Goodwin went to his right to the land, because the
original applicant had fully complied with the law and was
entitled to patent for that reason, and not solely because
the certificate had issued and full payment had been made.
We do not think it should be held that an entryman can
shield himself from the effects of an entry made in violation
of the statute by simply paying for the land. The postpone-
ment of the patent for one year may be intended to give op-
portunity to prevent fraudulent locations from being con-

summated or to give other locators an opportunity to file applications and present their superior claims to the land. There are certain requirements of the law which have been held many times to be essential to a valid application for location; and the policy of the law is well established to be that these requirements must be shown to have been complied with. It was said in *Taylor* v. *Weston,* 77 Cal. 534, [20 Pac. 62], that "this policy would be defeated if persons who falsely pretend to be of the class entitled to purchase could, after deceiving the land department into giving them their preliminary papers, shut off investigation by immediately assigning such preliminary papers to some other party." And we say, further, that investigation cannot be shut off by immediately paying in full for the land. When patent issues the state parts with its title, and not until then. With the rights of parties holding patent we are not now concerned. The cases all hold that the title remains in the state after certificate issues, and the very object of the reference, in case of contest, is to determine to whom the state title should go. This is true of certificates where full payment has been made equally with certificates where only partial payment has been made. Intervener Engle stood in the shoes of his assignor, Donovan, and occupied no better or different relation to the lands or to the state than did Donovan. See *Taylor* v. *Weston,* 77 Cal. 534, [20 Pac. 62], for a full discussion of the rights of an assignee of a certificate of purchase and as to the office of such certificate.

We cannot subscribe to the doctrine that the state in effect issues two different and distinct certificates—one, where part payment is made, being only *prima facie* evidence of title, and the other, where full payment is made, being primary evidence of title and equivalent to patent. We cannot agree with the apparent position of appellant that the certificate of purchase issued by the state is different in cases of full payment and partial payment, or, if the same, have a different effect in passing title. As already said, section 3414 contemplates but one certificate and recognizes no difference in its effect upon the title, whether but twenty per cent of the purchase price is first paid or the full amount thereof.

The certificate is assignable alike in both cases, and carries with it like rights to the assignee, but in neither case is it equivalent to a patent. Our view is that the legal title remains in the state until the patent issues, and that a contest may arise as to the right of the holder of a certificate of purchase, whether the original applicant or his assignee, so long as this certificate is outstanding, or at least until the holder is entitled to call for his patent. And such contest may be instituted by a person who connects himself with the paramount source of the title, as in this case. The analogy between such a certificate as we have here and a final receipt issued by the general government, upon final proof and payment, is not complete. Our law furnishes the means for a contestant to connect himself with the paramount source of title and thus clothe himself with the right given by the statute to have his claim adjudicated by the courts, while no such means are given by the United States law in the entry of land. The rule, therefore, laid down in the cases cited by appellant touching the effect of the final receipt upon entry of public land is not apposite.

3. It follows from what has been said that this is the ordinary and familiar case, often before the supreme court, of contest between two claimants to state land, one of whom, plaintiff, as in this case, has by pleading and proof brought himself clearly within the law, and the other of whom, intervener, has pleaded what we may concede to be ample to show the right of Donovan, through whom he claims, to purchase the land in question, but has wholly failed to make proof of the facts alleged and denied. Intervener has submitted no proof except the possession of a certificate of purchase and a deed from Donovan, and contends that no such proof was necessary. He plants himself on the proposition that the register of the state land office had no authority or jurisdiction to entertain a contest of Donovan's certificate, and hence the court was without jurisdiction to deal with it. Consistently with this theory intervener abstained from supporting Donovan's application by proof of the facts set forth in his application and affidavit. With equal consistency, holding as we do, it was, in our view of the case, in-

cumbent upon intervener, as it would have been upon Donovan if the sole defendant, to sustain by evidence the averments of his application and affidavit, for, as already said, he stood in Donovan's shoes. The law is well settled, and to the point citations are not called for, that in the purchase of state lands the affidavit must set forth all the requirements of the statute, and the facts stated must be true. In case of a contest in the courts each party is an actor and must stand or fall upon the truth of his own statements, and these statements must embrace all the statutory prerequisites. Neither party gains anything by simply defeating his adversary, but must himself establish a clear right before judgment will pass in his favor. The learned counsel for appellant have had too long experience in cases of this character to controvert these well-established rules, and we do not understand that they now question their correctness; but they stoutly contend, erroneously as we think, that they do not apply to this case. It was not necessary for plaintiff to allege or prove previous knowledge or notice on the part of intervener of any fraud in procuring the certificate by Donovan. Intervener, as assignee, had no equities entitling him to greater rights than his assignor. This is fully shown in the case of *Taylor* v. *Weston, supra,* and the principle was applied in *Jennings* v. *Bank of California,* 79 Cal. 323, [12 Am. St. Rep. 145, 21 Pac. 852]; *People* v. *Swift,* 96 Cal. 165, [2] Pac. 16].

4. It is complained that none of the material findings are supported by the evidence. The specifications are directed mainly to the findings negativing the facts set forth in the complaint in intervention and embraced in Donovan's application and affidavit. As there was an utter failure to establish these facts by evidence, which were denied by plaintiff, it was proper for the court to negative their existence by findings. When a party alleges a material fact, and offers no evidence in support of it, the court is authorized, if denied, to find its nonexistence. The court found that Donovan made his location for the sole use and benefit of Engle, the intervener, and that Engle paid no consideration to Donovan for said land. There was no evidence submitted by Engle of

payment to anyone except such as might be presumed from the fact that Donovan conveyed the land to Engle by deed which recited a consideration of $2,600, and there was no evidence of nonpayment by Engle offered by plaintiff. We cannot see that the judgment necessarily rests in any degree upon these findings. The real question before the court, first to be determined, was whether either plaintiff or defendant Donovan was entitled to the land, and, if either, which one. Had Donovan's claim been fully established, and had the court ordered that patent issue to him, Donovan's patent would have fed his deed to Engle. The real issue was Donovan's right to a patent, not whether Engle paid a consideration.

We have endeavored to cover all the questions presented by the appeal, and have reached the conclusion that the judgment should be affirmed; and it is so ordered.

Buckles, J., and McLaughlin, J., concurred.