(November 7, 1911.)

THOMAS GOLDEN, Respondent, v. SPOKANE & INLAND
EMPIRE RAILROAD CO., a Corporation, Appellant.

[118 Pac. 1077.]

DAUGHTER—DEATH BY WRONGFUL ACT—DENIALS ON INFORMATION AND
BELIEF—EXCESSIVE JUDGMENT—PASSION AND PREJUDICE—MODIFI-
CATION OF JUDGMENT.

(Syllabus by the court.)

1. Under the provisions of subd. 2 of sec. 4183, Rev. Codes, the
following denial on information and belief *held* sufficient, to wit:
"And defendant denies that it has any knowledge or information
sufficient to form a belief whether or not the said Frances Golden
was strong, bright or healthy . . . . and this defendant therefore
denies that said Frances Golden had been strong, bright or healthy,"
etc., and here follows a disjunctive denial of each of the allegations
of said paragraph of the complaint.

2. Under the facts in this case, *held* that the judgment for $6,000
is excessive.

APPEAL from the District Court of the Eighth Judicial
District for Kootenai County.   Hon. R. N. Dunn, Judge.

Action to recover damages for wrongfully causing the death
of the daughter of plaintiff.   Judgment for plaintiff.   *Modi-
fied and affirmed.*

W. G. Graves, and Whitla & Nelson, for Appellant.

Where a parent seeks to recover damages for loss of ser-
vices and the like because of the death of a major child, there
must be "evidence justifying a reasonable expectation of
pecuniary benefit therefrom."   (3 Sutherland, Damages, p.
283; 2 Sedgwick, Damages, 8th ed., sec. 576; 8 Am. & Eng.
Ency. of Law, 2d ed., p. 920; *Penn. R. R. Co. v. Adams,* 55
Pa. 499; *Cooper v. Ry. Co.,* 66 Mich. 261, 11 Am. St. 482, 33
N. W. 306; *St. Louis etc. Co. v. Davis,* 55 Ark. 462, 18 S. W.
629; *McIntyre v. Railway Co.,* 47 Barb. 515; *Trinity Val. R.*

*Co. v. Stewart* (Tex. Civ. App.), 62 S. W. 1085; *Andrews v. Boedecker*, 17 Ill. App. 213; *St. Louis etc. Co. v. Robbins*, 57 Ark. 377, 21 S. W. 886; *Paulmier v. Railway Co.*, 34 N. J. L. 151; *Carpenter v. Railway Co.*, 38 Hun, 116; *Mexican etc. Ry. Co. v. Finch*, 8 Tex. Civ. App. 409, 27 S. W. 1028; *Lindstrom v. Nav. Co.*, 117 Fed. 170; *Hirschkovitz v. Railway Co.*, 138 Fed. 438; *Reiter-Connolly Co. v. Hamlin*, 144 Ala. 192, 40 So. 280; *Commercial Club v. Hilliker*, 20 Ind. App. 239, 50 N. E. 578; *Seeley v. Railway Co.*, 8 App. Div. 402, 40 N. Y. Supp. 866; *Flaherty v. Railway Co.* (R. I.), 35 Atl. 308; *San Antonio etc. Co. v. Englehorn*, 24 Tex. Civ. App. 324, 62 S. W. 561, 65 S. W. 68; *Atchison etc. Co. v. Van Belle*, 26 Tex. Civ. App. 511, 64 S. W. 397; *Innes v. Milwaukee*, 103 Wis. 582, 79 N. W. 783; *Burk v. Arcata etc. Ry. Co.*, 125 Cal. 364, 73 Am. St. 58, 57 Pac. 1065; *Atchison etc. Co. v. Ryan*, 62 Kan. 682, 64 Pac. 603.)

McFarland & McFarland, for Respondent.

It was incumbent upon respondent to make proof of the earning capacity of the deceased. (*Peters v. Southern Pac. Co.*, 160 Cal. 48, 116 Pac. 400.)

However, it was not necessary under the pleadings for respondent to prove that Frances Golden had contributed her earnings to plaintiff's support and maintenance, and would have continued to do so, because those facts are fully alleged in the complaint and are not met by any denial in the answer.

The pretended denial of the allegations contained in paragraph 4 of the complaint is insufficient, and does not raise any issue as to those allegations. (Rev. Codes, sec. 4183; *State v. Butte City Water Co.*, 18 Mont. 199, 56 Am. St. 574, 44 Pac. 966, 32 L. R. A. 697; *Rossiter v. Loeber*, 18 Mont. 372, 45 Pac. 560.)

To justify interference by the court with the verdict of the jury it must appear that some rule of law has been violated, or else that the verdict is so excessive or grossly inadequate as to indicate partiality, passion or prejudice in the minds of the jury. (1 Cyc. 375; *Maw v. Coast Lumber Co.,*

19 Ida. 396, 114 Pac. 9; 3 Sedgwick on Damages, 8th ed., 640; *Neal v. Phoenix Lumber Co.* (Wash.), 117 Pac. 270.)

The damages awarded to plaintiff in this case were not excessive. (*Redfield v. Oakland Con. St. Ry. Co.,* 110 Cal. 277, 42 Pac. 822; *Bowles v. Rome W. & O. R. Co.,* 46 Hun, 324; *Leiter v. Kinnaire,* 68 Ill. App. 558; *Missouri Pac. Ry. Co. v. Lehmberg,* 75 Tex. 61, 12 S. W. 838; *Lyons v. Second Ave. R. Co.,* 89 Hun, 374, 35 N. Y. Supp. 372.)

Should this court determine that the damages are excessive, it has ample authority, under the statutes to modify the judgment and thereby save delay, costs, annoyance and expense to both parties. (Rev. Codes Idaho, sec. 3818; *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 757, 111 Pac. 1086; 4 Thompson on Negligence, 7360.)

SULLIVAN, J.—This action was brought by the respondent to recover damages from the appellant for wrongfully causing the death of his daughter, Frances Golden. The daughter was injured in a railroad wreck on July 31, 1909, and died from such injuries two days later. The case of *Golden v. Spokane & Inland Empire Ry. Co.,* decided at this term of this court, involved the death of the seven year old son of the plaintiff and arose out of the same railway accident and is reported in *ante,* p. 525, 118 Pac. 1076.

The case was tried by the court with a jury and a verdict was rendered for $6,535, which includes $535, the cost of medical and other attendance and the burial of said Frances Golden, and judgment was entered on said verdict for said amount. A motion for a new trial was denied and the appeal is from the judgment and order denying a new trial.

It is first contended by appellant that the evidence is insufficient to justify the verdict, in that it fails to show that the plaintiff ever received from his daughter Frances Golden any part of her earnings, or that he did receive or would receive any pecuniary aid or assistance or support of any kind from said daughter. It is contended, however, by counsel for respondent that the allegations involving said question were contained in the complaint and not denied by the appellant

and were, therefore, admitted. The allegations in the complaint including said matter are as follows:

"That at all of the times herein mentioned, plaintiff was and is a married man, the head of a family, and the father and sole surviving parent and heir at law of Frances Golden, an unmarried daughter of the age of about 36 years, who, up to the time of sustaining the injuries hereinafter mentioned, resided with plaintiff at his home in the said city of Spokane; that at all times during her life up to and including the time she sustained said injuries, said Frances Golden had been strong, bright and healthy, and in all ways and respects a companion and comfort to plaintiff, and for a long time immediately prior to sustaining said injuries was a trained nurse, and, as such, capable of earning and did earn by her physical and mental labors and energies large sums of money, which she contributed to plaintiff's maintenance and support, and would have continued so to do, thereby adding greatly to the wealth, welfare, comfort, society and happiness of plaintiff, but for the careless and negligent acts of defendant hereinafter alleged."

The defendant's denials of many of the allegations contained in said paragraph 4 of the complaint are as follows:

"And defendant denies that it has any knowledge or information sufficient to form a belief whether or not the said Frances Golden was strong, bright, or healthy, or whether she was in any way or respect a companion of and comfort to plaintiff, or whether or not she was a trained nurse, or whether or not she was capable of earning, or did earn, by her physical or mental labors or energies, large sums of money, or any sums of money, or whether or not she contributed to plaintiff's maintenance or support, or whether she would have continued to do so, or whether she would have added greatly, or at all, to the health, welfare, comfort, society, or happiness, of the plaintiff, and this defendant therefore denies that Frances Golden had been strong, bright or healthy, and defendant further denies that she was in any way or respect a companion or comfort to the plaintiff, and defendant further denies that she has been for a long time, or at all, a

trained nurse, and defendant further denies that she was capable of earning, or did earn, large sums of money, and defendant further denies that she contributed large sums of money, or any sums of money whatever, to the maintenance or support of plaintiff, and defendant further denies that she would have continued so to do, and defendant likewise denies that she would have added greatly, or at all, to the health, welfare, comfort, society, or happiness of the plaintiff.''

It is contended that as the defendant only denies that it has knowledge or information sufficient to form a belief of the truth of said allegations, that that is not a sufficient denial of said allegations under the provisions of subd. 2 of sec. 4183, Rev. Codes, which subdivision is as follows:

"The answer of the defendant shall contain: . . . .

"2. A statement of any new matter constituting a defense or counterclaim. If the complaint be verified, the denial of each allegation controverted must be specific, and be made positively, or according to the information and belief of the defendant. If the defendant has no information or belief upon the subject, sufficient to enable him to answer an allegation of the complaint, he may so state in his answer, and place his denial on that ground. If the complaint be not verified, a general denial is sufficient, but only puts in issue the material allegations of the complaint.''

That section provides that the denial must be made positively ''or according to the information and belief of the defendant,'' and if the defendant has no information or belief upon the subject sufficient to enable him to answer, he may so state in his answer and place his denial on that ground.

The supreme court of Montana, under a statute similar to ours, in *State v. Butte City Water Co.*, 18 Mont. 199, 56 Am. St. 574, 44 Pac. 966, 32 L. R. A. 697, holds that a denial of an allegation in the complaint as follows: ''That respondent has no knowledge or information upon which to found a belief, and therefore denies the same,'' was not a sufficient denial; and in *Rossiter v. Loeber,* the same court, in 18 Mont. 372, 45 Pac. 560, holds that a denial in the following form was

not sufficient: "The defendant has no knowledge or information sufficient to form a belief, and therefore denies the same."

We think that a very technical construction of the statute and are not inclined to follow it, for we are admonished by our statute, sec. 4207, that a pleading for the purpose of determining its effect must be liberally construed with a view to substantial justice between the parties. We think it was the clear intention of the defendant to deny said allegations of the complaint. However, under the authorities above cited, said denial would not be sufficient and the trial court may have so construed it.

It is stated in sec. 467, 1 Sutherland on Code Pleading and Practice, that a denial of any knowledge or information sufficient to form a belief, raises a complete issue under the code practice, and cites in support of said statement, *Read v. Buffum*, 79 Cal. 77, 12 Am. St. 131, 21 Pac. 555; *People v. Swift*, 96 Cal. 165, 31 Pac. 16; *Wilson v. Allen*, 11 Or. 154, 2 Pac. 91; *National Bank v. Meerwaldt*, 8 Wash. 631, 36 Pac. 763. Said section 4183 is identical with sec. 437 of the California Code of Civil Procedure, and since the decisions from the Montana court above cited were rendered, the legislature of that state has amended the statute under which those decisions were given. Sec. 6540, Rev. Codes of Montana, 1907, provides, among other things, that the answer of the defendant must contain, first, a general or specific denial of each material allegation of the complaint controverted by the defendant, "or of any knowledge or information thereof sufficient to form a belief." The legislature of Montana no doubt concluded that a denial "of any knowledge or information sufficient to form a belief" would be a sufficient denial, and hence amended the statute under which said decisions were rendered in order to get rid of the technical construction given to said statute. When the pleader avers that he has no knowledge or information sufficient to form a belief of the truthfulness of an allegation, we think it a sufficient averment that he has no belief and that that is a sufficient denial under said section of the statute where defendant cannot answer positively but may answer according to his information and belief.

It was stated during the oral argument that plaintiff offered on the trial to prove all of the allegations of said fourth paragraph of the complaint, and on objection thereto by counsel for appellant, such offer was denied by the court. The court no doubt refused to receive such offered evidence on the ground that said allegations were not denied and therefore admitted and no proof was required. However, the record does not show that said offer was made or the ground on which it was denied, and if the evidence offered had proved said allegation, the plaintiff was entitled to recover. If the case had been tried upon the theory that said allegations were sufficiently denied to put them in issue and no evidence had been offered tending to prove them, a different question would then be presented. But it is not probable that the trial court would have rejected the most necessary and material testimony offered to establish plaintiff's case had it not concluded that such allegations were admitted by the answer. The prospect or probability of plaintiff's receiving financial aid and benefit from his daughter was one of the facts that had to be admitted or established in order to entitle the plaintiff to recover, and there is a sufficient allegation in the complaint upon that question.

It is well known that the actual aid or benefit that might be received in such a case cannot be exactly shown by evidence, and an estimate of the benefit to be received must of necessity be a matter of opinion, and we think from all of the evidence in the case the jury was fully justified in coming to the conclusion that the father would have received considerable benefit and financial help from his daughter had she lived. As the evidence shows, he was running a fruit store and had twelve children living, and in all probability would be financially assisted by the daughter had she lived.

It appears that no instruction was requested or given as to the reasonable expectation or probability of plaintiff's receiving pecuniary aid and benefit from the deceased, but we do not think that a sufficient ground for reversing the judgment. The evidence shows that the deceased had lived with her father her entire lifetime except while away from home preparing

herself to be a nurse and while nursing patients. The relationship existing between them, as shown by the evidence, was affectionate and companionable, and we think establishes a reasonable probability that plaintiff would have received benefits from her had she lived, as she was a trained nurse, receiving from $25 to $35 a week for her services.

It is contended that the verdict under the evidence was excessive and was induced and given by reason of passion and prejudice. The plaintiff at the time of his daughter's death was about sixty-one years of age, and according to the standard mortuary tables, his life expectancy was 12.26 years, and a judgment for $6,000 under the facts of this case we think excessive.

We therefore conclude, under all of the facts of this case, that the judgment is excessive and should be reduced to $4,535, and it is ordered that the judgment be affirmed in the sum of $4,535, provided respondent files his written acceptance of that amount with the clerk of the trial court within thirty days after the *remittitur* goes down; otherwise a new trial must be granted.

Costs awarded to the respondent.

Ailshie, J., concurs.

STEWART, C. J., Dissenting.—I concur in the conclusion of the majority opinion, but I dissent from the part of the opinion which holds that the denials in the answer are sufficient to present an issue.