[No. 4476.]

# ELISHA P. ROGERS v. JEFFERSON W. SHANNON
## ET ALS.

APPLICATION TO PURCHASE A PORTION OF A THIRTY-SIXTH SECTION—WHAT IT NEED NOT STATE.—Action arising out of a contest certified to the District Court, by the Surveyor-General of the State, involving the right of the parties respectively to purchase a portion of a thirty-sixth section, under the Act of 1868, as amended in 1870. There being no allegation in the complaint that at the time of defendants' application the township and other lines had not been established, so as to clearly show that the land sought to be purchased was included in a thirty-sixth section—said application being assailed solely on the ground of its failure to state that there has not been for more than sixty days, and is not any occupation of the land adverse to that of the applicant, and that the township has been sectionized for three months and over: *held*, that for the particular reasons assigned in the complaint defendants' application is not invalid.

REQUISITES OF APPLICATION UNDER AMENDED ACT. — Under the amendatory Act of April 4th, 1870, (Statutes 1869-70, p. 875) an application to purchase a portion of a thirty-sixth section will be valid, if it appear that at the time it is made the township and other lines have been established, so as to clearly show that the land sought to be purchased is included in a thirty-sixth section; and if the applicant in his affidavit shall state that there is no legal claim to the land other than his own, and that the land is not occupied by any *bona fide settler*.

IDEM.—The Surveyor-General may approve such location of land within a thirty-sixty section without the acceptance of the Register of the U. S. Land Office, and the Register of the State Land Office may issue a certificate of purchase for the land so located; but no patent shall be issued by the State until the location shall have been approved by the United States.

PLEADING AND RULE OF CONSTRUCTION.—It is presumed that the pleader states his case as favorably for his side of the controversy as the facts will justify; and hence the rule that his pleading must be construed most strongly against him, and that its ambiguities must be resolved against him.

PLEADING AND PRACTICE. — The complaint, on its face, must show that the plaintiff has the better right, and the objection that it does not state facts sufficient to constitute a cause of action may be taken at any stage of the controversy.

ANSWER— PRACTICE. —Allegations of affirmative matter in the answer, not supported by proof, will not entitle the defendant to relief, and will be disregarded by the Court.

SUBMISSION ON PLEADINGS.—In an action to decide a contest concerning the rights of parties to purchase State lands, wherein the complaint is insufficient to authorize a judgment for plaintiff, and the answer sets up affirmative matter requiring proof, and the cause is submitted on the pleadings without the introduction of any evidence: *held*, that the cause stands as though it had been submitted on the complaint alone, which, though insufficient to entitle the plaintiff to relief, cannot of itself be made the basis of affirmative relief to the defendant.

IDEM.—The defendant in such case may have judgment for costs.

APPEAL from the District Court of the Thirteenth Judicial District, County of Fresno. Plaintiff appeals.

The contest certified to the Court is as to land situate in the County of Fresno, and included in section thirty-six, township twelve south, range eighteen east, Mount Diablo base and meridian.

The plaintiff set forth *in hæc verba* his own application to purchase the east half of said section thirty-six.

He then sets forth *seriatim* the fact that each defendant has also made application to purchase, and the facts connected with the application, severally claiming that the application of each has a fatal defect.

Touching the applications of Perkins and Robertson, the allegations of the complaint are as follows :

" This plaintiff further says, that on the 18th day of August, A. D. 1870, the defendant Jesse Nelson Perkins filed in said State Land Office his sworn application to purchase the north half of said section thirty-six; but that said defendant Perkins did not make an affidavit that there was no occupation

of said lands adverse to any that he might have, nor did he make an affidavit that the township in which said land is situated had been sectionized, and subject to pre-emption three months or over, and that no adverse occupant had been in occupation of said lands adverse to any occupation that he, the said defendant Perkins, might have, for more than sixty days; by reason whereof this plaintiff says that said application was and is null and void.

"That on said 18th day of August, A. D. 1870, the defendant, E. R. Robertson, made and filed with said State Surveyor-General his sworn application to purchase the south half of section thirty-six; but that said defendant Robertson did not make an affidavit that there was no occupation of said lands adverse to any that he might have; nor did he make an affidavit that the township in which said land is situated had been sectionized, and subject to pre-emption three months or over, and that any adverse occupant had been in occupation of said lands adverse to any that he, the said defendant Robertson, might have for more than sixty days; by reason whereof this plaintiff says that said application was and is null and void."

In his application for the south half of said section, the affidavit of defendant Robertson is as follows:

"STATE OF CALIFORNIA, ⎱ ss.
        County of Sacramento. ⎰

"To JOHN W. BOST, Surveyor-General: E. R. Robertson, being first duly sworn, deposes and says: That he is a citizen of the United States of America, and a resident of the State of California; that he is over twenty-one years of age; that he is desirous to purchase from the State of California, under the provisions of an Act of the Legislature of said State entitled ' An Act to provide for the management and sale of lands belonging to the State,' approved 28th of March, 1868, and the several acts amendatory thereof and supplemental thereto, the following described land in Fresno County, State of California, to wit: The south half of section thirty-six, township twelve south, range eighteen east, Mount Diablo Meridian, containing three hundred and twenty acres, according to the returns of the

United States Surveyor-General; that he has not entered any portion of any sixteenth or thirty-sixth section which, together with that now sought to be purchased, shall exceed three hundred and twenty acres; and that there is no legal claim to the same other than his own, and that said lands are not occupied by any *bona fide* settler; for which I agree to pay to the State of California one dollar and twenty-five cents per acre, in gold or silver coin of the United States, in the following manner, viz: Twenty per cent. of the purchase-money, together with interest on the balance, at the rate of ten per cent. per annum, in advance, from the date of the approval of the location in the Surveyor-General's office, within fifty days after said approval; and unless such payment is made within said fifty days, then the land above described shall revert to the State, without suit, and any approval hereof shall be and become null and void; and the balance of principal, bearing interest at the rate of ten per cent. per annum, in advance, within one year after the passage of any Act of the Legislature requiring such payments, or before, if I desire.       E. R. Robertson.

" Subscribed and sworn to before me, this 18th day of August, 1870.       Geo. Sickel,

" Clerk Supreme Court."

The affidavit of defendant Perkins for the north half of said section is substantially the same as the foregoing, and was made on the same day.

The other material facts are stated in the opinion.

*George A. Nourse,* for Appellant.

1. This Court has decided that the omission from the affidavit required by statute to be filed by an applicant to purchase State land, of any fact required by the statute to be stated in such affidavit, is fatal to the applicant's claim. (*Hildebrand* v. *Stewart,* 41 Cal. 387.)

2. No evidence being offered on either side at the trial, the case stands upon the pleadings; the allegations of the complaint being admitted, because not denied, and the allegations of the answer being deemed denied, and no proof offered to sustain

them.   So the case really stands upon the complaint alone, a: if on demurrer thereto.

3.  Neither the affidavit of Perkins or Robertson contains the statement that there was no occupation of said lands adverse tc any they might have, as required by sec. 52 of the Act of 1868 as amended in 1870.

4.  No applicant, except the plaintiff, has complied with the statute.   An inspection of the complaint (taken as true, because none of its allegations are denied) will show this statement to be correct.

*Daingerfield* and *Warren Olney*, Attorneys for Respondents.

We desire to correct the statement made at page three of appellant's brief, that the allegations of the answers are deemed denied, and that no proof was offered to sustain them.

The fact is, the case went off on the demurrers of plaintiff to the answers of the defendants, as not stating facts sufficient to constitute a defense.   The demurrers to the complaint were overruled.   The defendants afterwards filed their answers and the plaintiff demurred to them, thereby admitting that the facts pleaded were true, and thereupon judgment was given for the defendants.

2.  Reviewing and construing the provisions of law governing the applications of Perkins and Robertson, counsel for respondents argued in substance as follows:

By an examination of the original Act of March 28th, 1868, (Statutes of 1868, p. 507) providing for the management and sale of the lands belonging to the State, (including swamp lands, the 500,000 acres granted for school purposes, etc.) it will be seen that it only provided for the sale of lands to which the State had a title, that is, as to the sixteenth and thirty-sixth sections, after they had been surveyed by the United States authorities, and the survey had been approved.   Until such survey has been made and approved the title of the State does not vest. (*Middleton* v. *Low*, 30 Cal. 605.)

Now let us turn to the amendments adopted April 4th, 1870. Among the sections amended is sec. 12.   Upon comparing it as

amei led with the section as it originally stood, we find the only
chan ;e is adding a provision providing for applications in certain
cases for the thirty-sixth section before the same is surveyed,
th it is, before the title of the State becomes finally vested.

The original act provides that the applicant must swear that
" there is no occupation of said lands adverse to any that he or
she may have, or if there shall be adverse occupation, then he
or she shall state that the township has been sectionized and
subject to pre-emption three months or over, and that said ad-
verse occupant (giving his or her name) has been in such occu-
pation for more than sixty days."

Of course the last clause, commencing " or if," etc., cannot
apply to an affidavit under the amendment before the land has
been surveyed at all.   Hence, the only portion of the affidavit
required by the original act, which counsel can claim we ought
to have put in our affidavit and which we did not, are the
words: " *There is no occupation of said lands adverse to any
that he may have.*" Instead of this, we contend, and hope we
have made clear, that when a man applies for unsurveyed land,
under the amendment, he must use the form given in the amend-
ment, to wit: " *That there is no legal claim to the same other
than his own, and that the same is not occupied by any bona
fide settler,*" which was inserted in our affidavits.

Counsel for the appellant has said that we " claimed before
the District Judge (and he so held) that the affidavit required
by the proviso which the amendment adds became, by force of
the amendment, the only affidavit required for the purchase of
*unsurveyed* lands."

With all respect to the learned counsel, he is entirely mistaken
as to what we claimed, and as we understood the Court, what it
held.

It is very possible that this theory imputed to us by counsel
is the correct one.   For by the same act amending sec. 12, sec.
53 is amended so that the only statement the affidavit for any
other lands than the sixteenth and thirty-sixth sections shall
contain, is that the applicant is a citizen, or has declared his in-
tention to become such.

3. Counsel for respondents state their case upon the plead-
ings as follows:

It is only *questions of law* in these contested land cases which by the statute can be referred to the Courts for decision at all.

Each party states in his pleadings the facts which in his view entitle him to the land.

If stated in the opinion of the opposite party correctly, then the question of law is referred to the Court as to which one has the right, for I take it the Court may and should reject both applications, if neither conform to the law.

Applying these obvious principles to the case at bar, the plaintiff states his own case and *the defendant's too*. The defendant states his. It is a case where there can be no conflict of fact, and thereupon the question of law is submitted on the pleadings to the Court as to whether either one of them is entitled to the bounty of the State, and if one, which one? We ask that the judgment of the lower Court be affirmed.

By the COURT:

This is a contest, certified to the District Court by the Surveyor-General, as to the right of the parties, respectively, to purchase portions of a thirty-sixth section. At the trial, the cause was submitted on the pleadings, and judgment was entered in favor of the defendants, Perkins & Robinson, awarding to them the superior right to purchase the land, from which judgment the plaintiff appeals. The plaintiff's application to purchase, as stated in the complaint, was in all respects regular, and standing alone would have shown in him a *prima facie* right to purchase. But after setting forth the nature of the plaintiff's application, the complaint proceeds to state the proceedings taken by Perkins and Robertson respectively, in their applications to purchase, which were prior in point of time to the application of the plaintiff. The only vice imputed by the complaint to these applications, is that the affidavits of the applicants failed to state that there was no occupation of said lands adverse to their own, and also failed to state that the township in which said lands are situate had been sectionized and subject to pre-emption three months or over, and that no adverse occupant had been in occupation of said lands adverse to any occu-

pation that the applicants might have, for more than sixty days ;
and by reason of this alleged defect, the complaint claims that
the applications were void. No other reason is alleged in the
complaint why these prior applications were invalid. It is not
alleged that when the applications were made the township lines
had not been established so as to clearly show that the land
sought to be purchased was included in a thirty-sixth section.

The particular reasons assigned in the complaint for impeach-
ing the validity of these applications are not well founded. By
sec. 11 of the Act of March 28th, 1868, providing for the sale
and management of the lands of the State, the Surveyor-Gen-
eral is made the agent of the State for the location in the United
States Land Offices of the unsold portions of certain lands
granted to the State by the United States, and amongst others,
of the sixteenth and thirty-sixth sections granted for school pur-
poses, and lands in lieu thereof. Sec. 12 of the act, as it origi-
nally stood, made it the duty of the Surveyor-General, when an
application shall be made to purchase, to communicate with the
proper United States Land Office and ask that the land sought
to be purchased be accepted in part satisfaction of the grant
under which it is sought to be located; and when the acceptance
of the Register of the United States Land Office has been ob-
tained, the Surveyor-General shall give to the applicant a cer-
tificate authorizing the County Treasurer to receive payment
for the land. But by the Act of April 4th, 1870, (Statutes
1869–70, p. 875) this section was amended by adding thereto a
proviso to the effect that in cases where the townships have not
been subdivided, but township and other lines have been estab-
lished so as to clearly show that a tract of land is included in
any thirty-sixth section, and the parties applying for the same
make affidavit that there is no legal claim to the same other
than that of the applicant, and that the same is not occupied by
any *bona fide* settler, the Surveyor-General may approve such
location without the acceptance of the Register of the United
States Land Office, and the Register of the State Land Office
may issue a certificate of purchase for the same; but no
patent shall be issued by the State until the location shall have
been approved by the United States. By this amendment, the

Legislature, for some reason which is not very apparent, has seen fit to place applications to purchase portions of a *thirty-sixth* section upon a different footing from other applications to purchase State lands. But whatever may have been the motive, the intent is apparent, and there can be no doubt that under this amendment an application to purchase a portion of a *thirty-sixth* section will be valid, if it appear that at the time of the application the township and other lines had been established so as to clearly show that the land sought to be purchased is included in a thirty-sixth section, and if the applicant in his affidavit shall state that there is no legal claim to the land other than his own, and that the land is not occupied by any *bona fide* settler. The complaint in this case, while admitting that the applications of Perkins and Robertson were prior to that of the plaintiff, and that they were made after the passage of the amendatory Act of April 4th, 1870, does not aver that they failed in any particular to comply with the requirements of that act. On the contrary, it assails them solely on other grounds, which, as we have seen, are not tenable. The presumption is that the pleader states his case as favorably for his side of the controversy as the facts will justify; and hence the rule adopted by the Courts is, that a pleading is to be construed most strongly against the pleader, and that ambiguities arising on the face of the pleading are to be resolved against him. Applying this rule to the complaint, the presumption is that in assailing the prior locations of Perkins and Robertson, and alleging them to be invalid for certain specified reasons, the pleader stated the only grounds on which they were or were supposed to be assailable. No valid reason is assigned why they were void or in any respect irregular; and in the absence of any showing to that effect, it cannot be assumed that they were. The complaint, on its face, therefore, does not state facts showing that the plaintiff had the better right to purchase; and though a general demurrer to it was interposed by Perkins and Robertson, the record fails to show what disposition, if any, was made of it by the Court. But the objection that the complaint does not state facts sufficient to constitute a cause of action may be taken at any time; and we are of opinion that it was defective in substance, for the

reasons above stated. If the facts alleged in the answers of Perkins and Robertson are true, it is clear that their applications to purchase were valid, and are entitled to priority over the plaintiff's application. But it is said the cause having been submitted on the pleadings without the introduction of any evidence, the affirmative matter set up in the answers is deemed to be denied, and must therefore be disregarded.

If it be assumed that this proposition is sound, as applied to this class of cases, and if the answers be altogether disregarded, the question recurs whether, on the face of the complaint, sufficient facts appear to enable the Court to determine which of the parties, if either, is entitled to purchase the land. As we have already seen, it does not appear from the complaint that the plaintiff had the better right to purchase, and on the face of the pleadings he was not entitled to judgment in his favor. But assuming that the affirmative matter set up in the answers of the defendants must be disregarded, because no proof was offered in support of them, it does not result that they are entitled to the affirmative relief awarded to them by the Court. Treating the answers as entitled to no consideration, because the matters therein alleged were not proved, the defendants' claim to affirmative relief would rest on the complaint alone, which, though insufficient to entitle the plaintiff to relief, cannot of itself be made the basis of affirmative relief to the defendants. Considering the answers as furnishing no foundation for relief to the defendants, for the reasons already stated, the case stands as though it had been submitted on the complaint alone, which was insufficient to authorize a judgment for the plaintiff; and for that reason the Court might have awarded costs to the defendant. But we are not aware of any rule which, on this state of the pleadings, would justify a judgment awarding affirmative relief to the defendants.

Judgment reversed, and cause remanded for further proceedings, with leave to the plaintiff to amend his complaint if he shall elect to do so.

WALLACE, C. J., did not express an opinion in this cause.