[No. 12239.    Department Two.— December 18, 1889.]

GEORGE MILLER, RESPONDENT, *v.* GEORGE D. PRENTICE, APPELLANT.

SCHOOL LANDS — CERTIFICATE OF PURCHASE — EVIDENCE OF TITLE — IMPEACHMENT OF CERTIFICATE IN EJECTMENT — PLEADING.— A certificate of purchase of state school lands is only *prima facie* evidence of title, and may be impeached in an action of ejectment, by a defendant who is in the actual occupation of the premises, by proving that the land is fit for cultivation, and that the plaintiff was never an actual settler upon it, or that he is not a citizen of the United States, or that his affidavit of intention to purchase was defective in not stating whether the land was or was not suitable for cultivation, as required by the code, or by proving in any manner that plaintiff could not legally purchase the land. The occupant may show under the denials of his answer that his assailant has no title or rights of possession in and to the premises.

Ip.—*FITNESS FOR CULTIVATION — ACTUAL SETTLEMENT — FINDING AS TO
OWNERSHIP — SUFFICIENCY OF EVIDENCE — CONFLICT — REVIEW UPON
APPEAL.*— The evidence of the plaintiff that the school land in contro-
versy was grazing land, that some of it could be plowed but not more
than the smallest legal subdivision at any one place, that the land is
hilly and in his judgment not fit for agriculture, does not materially
conflict with the testimony of witnesses who testify that they are well
acquainted with the land in controversy, and that it is suitable for cul-
tivation; and if the evidence is free from conflict that the plaintiff was
never an actual settler upon the premises, the finding of the court that
the plaintiff is the owner of and entitled to the possession of the prem-
ises will be held upon appeal to be not justified by the evidence.

*CITIZENSHIP — NATURALIZATION — EVIDENCE.*— The unsupported evidence
of plaintiff that he was born in France and naturalized in the city of
New York, but had lost his naturalization papers, is not sufficient to
establish the fact of citizenship.

APPEAL from a judgment of the Superior Court of
Monterey County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Geil & Morehouse,* for Appellant.

*Webb & Sherwood,* for Respondent.

SHARPSTEIN, J.— Ejectment.  Complaint in the usual
form, all the allegations of which are denied by the
answer.  The demanded premises were state school
lands.  Plaintiff relies on a certificate of purchase as
establishing his title and right to the possession of said
premises.  The court found for plaintiff, entered judg-
ment in his favor, and denied defendant's motion for a
new trial.  From the judgment and order denying his
motion for a new trial, defendant appeals.  His conten-
tion here is, that he proved on the trial that the land is
suitable for cultivation, and that plaintiff had never been
an *actual settler* on it; and that plaintiff is not a citizen
of the United States.

That the plaintiff was never an *actual* settler on the
demanded premises is shown by evidence free from con-
flict.  And by evidence likewise free from conflict it is

shown that the defendant was an *actual* settler on said premises, and that he had applied in the proper mode to purchase the same from the state.

One of the requirements of the code is that any person desiring to purchase any portion not less than the smallest legal subdivision of any of the sixteenth and thirty-sixth sections must make an affidavit, stating ".whether the land is or is not suitable for cultivation; and, if it is, that the applicant is an actual settler thereon." In this case the plaintiff did not state in his affidavit whether the land was or was not suitable for cultivation, and the evidence on the trial, we think, without material conflict shows that it was suitable for cultivation. The plaintiff states in his testimony " that the land is what you would call grazing land. Some of it could be plowed, but not more than the smallest legal subdivision at any one place. I don't think you could find more than eighteen or twenty acres at any one place, if you could find that, which you could plow. The land is hilly, and, in my judgment, not fit for agriculture." We do not think that this materially conflicts with the testimony of witnesses who testify that they are well acquainted with the land in controversy and that it is suitable for cultivation.

The evidence as to the citizenship of plaintiff is clearly insufficient to establish that fact. He swears that he was born in France and was naturalized in the city of New York, but has lost his naturalization papers.

We do not doubt that the defendant who is in the actual occupation of the premises is in a position to show, when his right of possession is assailed, that his assailant has no title or right of possession in and to the premises.

The plaintiff's certificate is only *prima facie* evidence of his title, and may be impeached by proving that he could not legally purchase the land. As we have before stated, his affidavit is defective in omitting to state

whether the land was or was not suitable for cultivation, and the evidence shows that it was and that plaintiff was not an actual settler upon it. Therefore, the finding of the court that the plaintiff is the owner of and entitled to the possession of the demanded premises is not justified by the evidence.

Judgment and order reversed.

THORNTON, J., and McFARLAND, J., concurred.