[No. 12264. Department One.— January 27, 1890.]

GEORGE D. PRENTICE, RESPONDENT, v. GEORGE MILLER, APPELLANT.

STATE SCHOOL LANDS — CONTEST — SURVEY AND LISTING — PLEADING — EVI-
DENCE — RECITAL IN ORDER OF REFERENCE.— An application to purchase school lands from the state cannot be made until after the township in which the same may be situated has been surveyed by the United States, and it is necessary for each contestant to allege and prove that the land applied for was surveyed by the United States at the time they severally sought to purchase it. But if the pleadings on both sides allege the fact of such survey, a recital in a certified copy of the order of reference by the state surveyor-general, introduced in evidence without objection, setting forth that the register of the United States land-office had certified to the state that there was no valid claim to the land adverse to that of the state, sufficiently tends to prove the filing of an approved survey by the United States surveyor-general in the United States land-office, and a listing of the land to the state by the register of the United States land-office, to sustain findings of such facts.

ID. — EVIDENCE RECEIVED WITHOUT OBJECTION. — Inadmissible evidence, if admitted without objection, is sufficient proof of the fact to which it relates.

ID. — ADMISSIONS OF PLEADINGS IN CONTEST FOR STATE LANDS. — The rule that each party to a contest of the right to purchase state lands is an actor, and must set forth in his pleadings and show by his proofs that he has strictly complied with the law, does not change the rule of the Code of Civil Procedure that material allegations which are not denied must be taken as true.

ID. — EVIDENCE — NATURALIZATION — CITIZENSHIP. — In a contest of the right to purchase state land, the naturalization of an applicant cannot be proved by the great register of the county, nor by his personal testimony that he had been naturalized and had lost his naturalization papers. It can only be proved by production of the judicial record of naturalization, or a properly exemplified copy thereof, or by proof of the loss or destruction of the record. Parol evidence may be received to prove the minority and residence of the children of naturalized parents, to show their citizenship, after proper proof of the naturalization of the parents; and proof of naturalization may be made by affidavit of the party naturalized, in proceedings concerning mining claims, by virtue of section 2321 of the Revised Statutes of the United States; but parol evidence of naturalization is not admissible in cases not coming within those limitations.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion.

*Webb & Sherwood*, for Appellant.

*Geil & Morehouse*, for Respondent.

GIBSON, C. — This was a contest referred to the superior court of Monterey County by the surveyor-general and *ex officio* register of the state land-office, to determine the respective rights of the parties to purchase certain school lands. Judgment passed for plaintiff, from which, and an order denying a new trial, defendant appeals. The pleadings are conceded to be in proper form and sufficient.

The appellant urges, in support of his appeal, that there is no evidence to sustain the fifth, sixth, and seventh findings, wherein the court, in effect, found that before plaintiff filed his application to purchase the land

in dispute, it had been surveyed by the United States sur-veyor-general for California, who had filed an approved plat of such survey in the United States land-office at San Francisco, the office for the district within which the land lies; and that the register of the United States land-office had accepted the land for and listed and cer-tified it over to the state, in part satisfaction of the grant by the United States to this state of the sixteenth and thirty-sixth sections of each township, for school purposes.

An application to purchase lands of the character in question cannot be made until after the township in which the same may be situated has been surveyed by the United States. (Pol. Code, sec. 3495; *Medley* v. *Rob-ertson*, 55 Cal. 396.) This made it necessary for each contestant to allege and prove that the land applied for was surveyed by the United States at the time they sev-erally sought to purchase it. (*Rogers* v. *Shannon*, 52 Cal. 99; *Finney* v. *Berger*, 50 Cal. 248.) The respective alle-gations of the parties in their pleadings in this regard are sufficient to meet this requirement.

In the certified copy of the order of reference of the surveyor-general, made pursuant to sections 3414 and 3415 of the Political Code, which was introduced in evi-dence by plaintiff without objection, is a recital which is the only evidence tending to support the above findings. It reads as follows: "On March 24, 1869, H. G. Rollins, register of the United States land-office for the San Francisco district, certified that there was no valid claim adverse to that of the state of California for all the above-described land." While the recital, if objected to, would doubtless have been excluded, because it was not a mat-ter required to be placed in the order of reference, and of which the certified statement of the register of the United States land-office would have been the best evi-dence, still it comes within the rule that inadmissible evi-dence, if admitted without objection, is sufficient proof of

the fact to which it relates. (*Morrell* v. *Morgan*, 65 Cal.
575.) It is at most but slight evidence; but such as it is,
it tends to show, and we think, in the absence of evidence
to the contrary, does show, that the surveyor-general had
obtained the statement from the United States land-office,
showing that the land in question belonged to the state,
in compliance with section 3409 of the Political Code, by
which it is provided: "The surveyor-general must, after
the survey of any township by the United States sur-
veyor-general, obtain from the United States land-office
a statement, showing whether or not the sixteenth and
thirty-sixth sections therein belong to the state." The
statement, it is apparent, could not have been obtained
until after the township containing the land applied for
had been surveyed by the United States. We are unable,
then, to say that there is an entire absence of evidence
of the facts found, in order to sustain this contention of
appellant. But the respondent is not obliged to rely
wholly upon such evidence, as the allegations of his com-
plaint, to which the findings assailed respond, are not
denied by the defendant's answer; and, as we have seen,
being material allegations, they must therefore be taken
as true. (Code Civ. Proc., sec. 462; *Gilson* v. *Robinson*,
68 Cal. 543.) In the case last cited, the general rule re-
garding this class of cases was well stated as follows: "In
cases of this kind, each party is an actor, and must set
forth in his pleadings, and show by his proofs, that he
has strictly complied with the law, and by such compli-
ance has become entitled to purchase the land. If he
fails to do this, he can obtain no assistance from the
courts." (Citing *Woods* v. *Sawtelle*, 46 Cal. 389; *Cadierque*
v. *Duran*, 49 Cal. 356; *Christman* v. *Brainard*, 51 Cal. 536;
*Lane* v. *Pferdner*, 56 Cal. 122.) But the rule thus stated
does not change the rule applicable to pleadings declared
in the Code of Civil Procedure, *supra*. For we find in
that same case, that one of the points presented by ap-
pellant was, that the trial court had no jurisdiction to

try the case, because there was no proper and sufficient order of reference made by the surveyor-general, referring the contest between the parties to the court below for trial, as required by sections 3414 and 3415 of the Political Code.

The plaintiff, however, alleged in his complaint that he demanded of the surveyor-general a reference of the contest between himself and the defendant to the proper court for adjudication, and that thereupon that officer did refer it. A copy of the order of reference was attached to the complaint. The allegations were not denied by the answer, and it was accordingly held that a proper reference had been made so as to give the court jurisdiction of the case.

The appellant here on the trial, realizing that under section 3495 of the Political Code it was necessary for him to prove that at the time he made his application to purchase he was either a citizen of the United States or had declared his intention to become such, offered certain evidence to prove that at that time he was a naturalized citizen of the United States. The evidence was received conditionally by the court, and afterward, upon motion of respondent, stricken out. This ruling is the only other point presented. The evidence referred to consisted of an entry as a qualified naturalized voter in the great register of the county of Monterey; and of his own testimony, as follows: "I was born in France; came to the United States in 1850; came to New York; remained in New York City three months, and then went to Illinois, where I staid two years, and then went home to France; got my citizen's papers in New York before I went to Illinois; I got naturalized in New York; lost my papers on my way home from France, by shipwreck. . . . . I came to the United States under age." This evidence was properly excluded. It was ruled in the recent case of *Miller* v. *Prentice, ante,* p. 104, as follows: "The evidence as to the citizenship of plaintiff is

clearly insufficient to establish that fact.    He swears he
was born in France, and was naturalized in the city of
New York, but has lost his naturalization papers."

The naturalization of an adult alien, or one who has
resided in the United States from his eighteenth year of
age, is a judicial proceeding, and can only be effected in
a court of record having a seal and a clerk, and must be
entered of record.    (U. S. Rev. Stats., secs. 2165, 2167.)
And like any other judicial record, must be proved by
the record itself, or a properly exemplified copy thereof,
or by proof of its loss or destruction.    (*Charles Green's
Sons* v. *Salas*, 31 Fed. Rep. 107.)    There are, however,
certain limitations to this rule, for after proper proof of
the naturalization of the parents of alien children, who
were under twenty-one years of age, and residents of the
United States at the time their parents were naturalized,
parol evidence may be received to prove the minority
and residence of the children, in order to show that they
are citizens (U. S. Rev. Stats., sec. 2172); and proof of
naturalization may also be by the parol evidence of the
party, in the form of an affidavit, in proceedings con-
cerning mining claims, by virtue of section 2321 of the
Revised Statutes of the United States; but the appellant
does not come within either of these limitations.    See
generally, as to the two questions herein considered, the
late case of *Bode* v. *Trimmer, ante,* p. 513.)

We therefore advise that the judgment and order be
affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment and order are affirmed.