[Crim. No. 1157.   Second Appellate District, Division One.—December 23, 1924.]

## THE PEOPLE, Respondent, v. E. VELASQUEZ, Appellant.

[1] CRIMINAL LAW—UNLAWFUL POSSESSION OF FIREARMS BY ALIEN—PLACE OF BIRTH—EVIDENCE—ADMISSIONS.—In a prosecution of an alien for the unlawful possession of a firearm capable of being concealed upon his person, the birthplace of the defendant may be proved by his own statements; and statements made by the defendant to certain police officers, shortly after his arrest, as to the place of his birth, are properly admitted over his objection that such evidence is incompetent and hearsay.

[2] ID.—CORPUS DELICTI—EVIDENCE—ADMISSIONS.—In such a prosecution, conceding that the citizenship of defendant is a part of the *corpus delicti* and, therefore, cannot be proven by his extrajudicial statements, the *corpus delicti* is proven by the statements of the defendant himself where he takes the stand in his own behalf and gives testimony that his parents were Mexicans and lived in Mexico up to the time of their death, which occurred when he was only six years of age, and that from his earliest recollection he lived in Mexico until about six years prior to the trial, when he came to this country, and that he understands and speaks but little English.

[3] ID.—ALIEN BY BIRTH — PROOF OF NATURALIZATION—EVIDENCE.— In such a prosecution, it being shown by the prosecution that the defendant was an alien by birth, the presumption is that this status continues until the contrary is shown, and it is not necessary for the prosecution to further show that he had never been naturalized.

[4] ID.—PLEADING—NEGATIVE AVERMENTS—BURDEN OF PROOF.—In such a prosecution, the allegation of the information relative to the defendant not being a naturalized citizen of the United States is an allegation of a negative fact which is peculiarly within the knowledge of the defendant, and, therefore, it comes within the rule that the burden of proving such an allegation is cast upon the

---

1.   Constitutionality of statutes restricting right of alien to bear arms, note, 24 A. L. R. 1119.

2.   Who are aliens, note, 84 Am. Dec. 210.   See, also, 1 R. C. L. 796.

Use of confession in aid of other evidence to establish *corpus delicti*, note, 68 L. R. A. 73.

3.   See 10 R. C. L. 872; 10 Cal. Jur. 766.

defendant; and in the absence of proof to the contrary the allegation of the information must be taken as true.

[5] ID.—JUDICIAL ACT—PAROL EVIDENCE.—Naturalization of an alien as a citizen of the United States is a judicial act, and it can only be proven by the record itself, or a duly authenticated copy thereof, and cannot be proven by parol.

[6] ID.—NEGATIVE AVERMENTS—BURDEN OF PROOF.—Where the subject matter of a negative averment lies peculiarly within the knowledge of the defendant, the burden of proving the fact rests with the defendant.

---

(1) 16 C. J., p. 625, n. 37.  (2) 16 C. J., p. 736, n. 49.  (3) 16 C. J., p. 539, n. 43.  (4) 16 C. J., p. 530, n. 65.  (5) 2 C. J., p. 1128, n. 57, 58.  (6) 22 C. J., p. 71, n. 63.

APPEAL from a judgment of the Superior Court of Riverside County. B. F. Warmer, Judge. Affirmed.

The facts are stated in the opinion of the court.

John A. Hadaller for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CURTIS, J.—Defendant was charged with having under his control and in his possession a firearm capable of being concealed upon his person, he being then and there a foreign-born person and not a citizen of the United States. He was found guilty as charged.

The only question involved in this appeal is whether there was any legal evidence produced at the trial tending to prove that the defendant, at the time of the conviction of the offense charged, was an unnaturalized, foreign-born person. In support of the allegation of the information, charging that defendant was a foreign-born person and not a naturalized citizen of the United States, the prosecution called a police officer of the city of Riverside, and over the objection of the defendant asked this officer regarding certain statements made by said defendant, shortly after his arrest. The officer testified that the defendant, at the time in question, stated to him and two other police officers that he was born in Mexico and had been in the United States six years. It

5.  See 1 R. C. L. 858; 1 Cal. Jur. 912.
6.  See 10 R. C. L. 899; 10 Cal. Jur. 788.

was further stipulated, without waiving any objection to the admission of this evidence, that the two other officers, if called, would testify in the same manner. The defendant took the stand in his own behalf and testified that his parents died in the state of Durango, Mexico, when he was only six years old; that neither his parents, nor any other person, ever told him where he was born; that his parents were Mexicans and lived in Mexico up to the time of their death; that he had no recollection of having ever lived in any other place, except in Mexico, before the death of his parents; that after the death of his parents he lived with his godfather in various places in Mexico, until about six years ago, when he came to this country; that he does not speak English and only understands a few English words; that he is twenty-one years of age and works picking oranges and in packing-houses.

[1] The first point made by appellant is that the court erred in overruling his objection to the question asked the police officer relative to the statements made by the appellant that he was born in Mexico. Appellant contends that the testimony of a person as to the place of his birth is hearsay and therefore not only would his evidence be inadmissible, but that his extrajudicial statements would also be inadmissible and incompetent to prove the place of birth. It is conceded that this question has never been directly decided by the appellate courts of this state. It has been repeatedly held, however, that a person can testify as to his own age. "A person's age may be proved by his own testimony, and the fact that knowledge of that age is derived from statements of the parents, or from family reputation, does not render it inadmissible." (*People* v. *Ratz,* 115 Cal. 132, 133 [46 Pac. 915].) We can conceive of no reason why a different rule should be invoked when the question in issue is not the date of the person's birth, but the place where he was born. As to either of these facts, the person himself can have no positive knowledge, and must rely entirely upon information received from other persons. Under our national mining laws, the citizenship of an applicant for a patent may be proven by his own affidavit. (17 Stats. at Large, 94 [6 Fed. Stats. Ann., 2d ed., 522; U. S. Comp. Stats., sec. 4616].) It may also be proven by the testimony of the locator himself. (*Thompson* v. *Spray,* 72 Cal. 529, 530 [14 Pac. 182].) Under the statutes of our own state,

an applicant to purchase school lands must show by affidavit, among other things, that he is a citizen of the United States. (Pol. Code, sec. 3495.) While we find that the courts have decided, in proceedings under the above section of the Political Code, that the testimony of the applicant is incompetent to prove his naturalization (*Prentice* v. *Miller*, 82 Cal. 570, 575 [23 Pac. 189]), we are unable to find any instance in which it was held that his testimony would not be received when offered for the purpose of proving his place of birth. We find cases in which the applicant testified regarding the place of his birth, and while his testimony appears to have been admitted without objection, no question seems to have been raised either by the court or counsel as to its competency. (*Miller* v. *Prentice*, 82 Cal. 104, 106 [23 Pac. 8]; *Prentice* v. *Miller*, 82 Cal. 570, 574 [23 Pac. 189].)

There are a number of early decisions, rendered both by the courts of England and by those of our own country, holding that a pauper cannot testify to the place of his birth. (Chamberlayn's Law of Evidence, sec. 4066.) These decisions were rendered in actions brought to determine the liability of the town, in which it was charged that the pauper was born, for the support of the pauper. There appears to be some diversity of opinion as to the grounds upon which such decisions are based. We do not find, however, that the rule excluding such testimony has been extended beyond those cases in which the support of the pauper himself has been involved. We see no good reason for extending it to include actions such as the one under consideration. We are, therefore, of the opinion that the statements of the defendant, as to the place of his birth, were competent evidence, and that the court committed no error in admitting in evidence such statements.

[2] Appellant further contends that, even with this testimony admitted, the *corpus delicti* has not been proven. This contention is based upon the well-established principle of law that the extrajudicial admissions or confessions of the defendant are inadmissible to prove the *corpus delicti.* Conceding, as contended by the appellant, that the citizenship of appellant is a part of the *corpus delicti*, and therefore cannot be proven by his extrajudicial statements, it will be remembered that the appellant in this action took the stand in his own behalf and gave testimony that his parents were Mexicans and lived in Mexico up to the time of their

death, which occurred when he was only six years of age, and that from his earliest recollection he lived in Mexico until about six years ago, when he came to this country, and that he now understands and speaks but little English. This evidence was sufficient to justify the jury in finding that the defendant was born in Mexico. (*Walther* v. *Rabolt,* 30 Cal. 185.) The facts in this case were much like those in the present case, and its syllabus is as follows: "Evidence that a person was in Germany, living with German parents, when six years old, and that he remained in Germany until he was eighteen years old, when he came to the United States, and that he could not then speak the English language, is sufficient to justify the court in finding that he was an alien born." The *corpus delicti* was therefore proven in court by the testimony of the defendant himself.

[3] Finally, the appellant contends that, even if it be conceded that there is proof of his foreign birth, there is no evidence tending to show that he had not been naturalized. Appellant argues that not only is the burden upon the prosecution of proving all the allegations of the information but that the presumption is that every person is a citizen of the country in which he resides. We have already shown that the evidence was sufficient to prove that the defendant was an alien by birth. The presumption is that this status continues until the contrary is shown. (*Bode* v. *Trimmer,* 82 Cal. 513, 517 [23 Pac. 187].) It was, therefore, unnecessary for the prosecution, after showing that the defendant was foreign born, to further show that he had never been naturalized.

[4] In this connection the attorney-general has suggested that the allegation of the information, relative to the defendant not being a naturalized citizen of the United States, is an allegation of a negative fact which is peculiarly within the knowledge of the defendant, and therefore that it comes within the rule that the burden of proving such an allegation is cast upon the defendant. While no authorities are cited in support of this argument, we are nevertheless of the opinion that it is both reasonable and sound. [5] Naturalization of an alien as a citizen of the United States is a judicial act. It can only be proven by the record itself, or a duly authenticated copy thereof. It cannot be proven by parol. (*Bode* v. *Trimmer, supra.*) On the other hand, to prove that a person had not been naturalized would require

evidence to the effect that no court of this country, having jurisdiction of naturalization proceedings, had ever granted naturalization to defendant. [6] The rule is well settled in this state that, where the subject matter of a negative averment lies peculiarly within the knowledge of the defendant, the burden of proving the fact rests with the defendant. (8 Cal. Jur., sec. 148.) This is an exception to the general rule that the burden of proof rests upon the prosecution, and the reason given for such exception is that it would greatly inconvenience the prosecution to prove such fact, whereas the defendant can prove it with no inconvenience at all. (8 Cal. Jur., sec. 148.) This rule is applied in the main to prosecutions of persons charged with the violation of statutes making it illegal to engage in certain business or to follow certain professions without first obtaining a license so to do. In most, if not in all, of the cases of which we have any knowledge, the statute designates the particular board or officer from which such a license is to be obtained. The inconvenience in such a case of procuring evidence that the accused had no such license as required by the statute can hardly be compared with that cast upon the prosecution in an action like the present, if required to prove that the defendant had not been naturalized. In the former class of cases, it would only be necessary to examine the records of one board, or the books of one officer, to ascertain whether the required license had been issued or not, and to have as a witness one person from the office of such a board, or officer, to prove the fact that no license had been issued to the accused. In an action like that before us, owing to the fact that the defendant might have been naturalized in any one of a large number of courts, it would be necessary to have as witnesses at the trial representatives or officers from all of said courts, and possibly the records themselves to show, if such were the fact, that the defendant had never been naturalized in any of said courts. Such a requirement would cast upon the prosecution an interminable amount of labor and the greatest of inconvenience. On the other hand, to require the defendant to show that he was naturalized, casts no unreasonable burden upon him. If he has had conferred upon him, by any court of competent jurisdiction, the privilege of citizenship, he either has his naturalization papers, or, if they have been lost, properly authenticated copies thereof might be procured with little trouble or expense from the

court which granted the original. We are, therefore, of the opinion that this exception to the general rule, relative to the burden of proof, should apply to actions like the present, and that it was not obligatory on the part of the prosecution to prove that the defendant had not been naturalized. His naturalization, if such were the fact, was peculiarly within his own knowledge and could have been proven by him with but little inconvenience. The prosecution having proven by competent evidence the foreign birth of the defendant, the allegation of the information that he had never been naturalized must be taken as true in the absence of proof to the contrary. (*People* v. *Wah Hing*, 47 Cal. App. 327 [190 Pac. 662].)

The judgment and order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.