[Crim. No. 1478. First Appellate District, Division One.—August 16, 1928.]

THE PEOPLE, Respondent, v. JOSEPH M. HUNTLEY, Appellant.

E. E. Gehring for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by information with the crime of bigamy. It was alleged, in substance, that on or about June 1, 1927, defendant unlawfully married one Nellie Jones, when at such time he had a lawful wife living. To this indictment defendant pleaded not guilty. Trial was had, which resulted in a conviction. It was proved that defendant had married one Phoebe Huntley in the year 1914. It was also proved that on June 1, 1927, defendant married one Nellie Jones, and that at such time Phoebe Huntley was still alive. The prosecution then rested and defendant failing to take the stand, no further evidence was introduced. Motion for an instructed verdict was thereupon made that defendant be acquitted, as the evidence was insufficient to sustain a verdict of conviction, the prosecution having failed to show that the first marriage was in full force and effect at the time the second marriage was entered into. The motion was denied. Defendant then offered an instruction to the same effect, which was refused. The verdict of conviction followed. ■ Appellant's sole contention is that it was not only necessary for the prosecution to prove the two marriages but that it should have gone further, as the burden was upon it to prove that the prior marriage was still in force and effect at the time of the second marriage. There is no merit in

the contention. Section 281 of the Penal Code defines the crime of bigamy as follows: Every person having a husband or wife living, who marries any other person, except in cases specified in the next section, is guilty of bigamy. The section referred to (282) provides that section 281 does not extend (1) To any person by reason of any former marriage, whose husband or wife by such marriage has been absent for five successive years without being known to such person within that time to be living; nor (2) to any person by reason of any former marriage which has been pronounced void, annulled, or dissolved by the judgment of a competent court. In a prosecution for bigamy under section 281 (Penal Code) it is incumbent on the prosecution to prove not only the first and second marriages, but also that the former husband or wife was living. (4 Cal. Jur., p. 346.) In the present case this was done. It then became incumbent upon defendant to show that the case came within a class enumerated in section 282. This is on the theory that when a defendant is, in the first instance, shown to have done an act which is unlawful unless he was distinctly authorized to do it, the proof of authority is thrown upon him. (*Commonwealth* v. *Boyer*, 7 Allen (89 Mass.), 306.) The exceptions contained in section 282 constitute, therefore, only matters of defense. The offense as defined in section 281 consists in marrying a second time while the husband or wife of a defendant is still living. (*People* v. *Priestly*, 17 Cal. App. 171 [118 Pac. 965].)

The question as to whether or not a first marriage no longer exists is one peculiarly within the knowledge of a defendant and in such a case the burden is upon him to prove it. (*Commonwealth* v. *Boyer, supra.*) This burden is not an unreasonable one (*People* v. *Velasquez*, 70 Cal. App. 362 [233 Pac. 359]). Then again the marriage status having been proved and there being no evidence to show that defendant did not know that his former marriage had been pronounced void, annulled or dissolved, or that the first wife had been absent for five years without being known by the defendant to be living, the presumption is that the status as shown by the prosecution continued to exist. (*People* v. *Stokes*, 71 Cal. 263 [12 Pac. 71].)

The judgment is affirmed.

Knight, J., and Campbell, J., *pro tem.*, concurred.