THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee *v.* RAMÓN
RAMÍREZ CASTRO, Defendant and Appellant.

No. 11129.   Argued January 15, 1946.—Decided February 8, 1946.

*Angel Viera Martínez* for appellant.   *E. Campos del Toro, Attorney
General, Luis Negrón Fernández, Assistant Attorney General,* and
*J. Rivera Barreras* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is an appeal from a judgment sentencing the defendant after conviction by a jury on a charge of bigamy. The defendant assigns as error the admission in evidence of two certificates of the celebration of the two marriages involved herein because "they are not a literal transcription of the certificate of the marriage ceremony performed by the official named in each of the certificates." He argues that "the certificates offered in evidence do not include various requirements which are included in the certificate of the marriage ceremony, as for example 'who was the father of Ramón Ramírez Castro', the appellant herein".

Section 24 of the Vital Statistics Registry Act—Act No. 24, Laws of Puerto Rico, 1931 (p. 228)—requires every person who performs a marriage ceremony to deliver to the Keeper of the Register (1) the marriage license, (2) the affidavit of the contracting parties, and (3) the certificate of

the celebration of the marriage. The latter must state the date and place where the marriage was performed, and contain the signatures of the officiating person, of the contracting parties, and of the witnesses. Section 25 recites that "the Keeper of the Register shall make a transcription of the *marriage certificate* in the book kept for such purpose in his office, and he shall send the original documents to the Department of Health. . ." (Italics ours.)

Section 38, as amended by Act No. 25, Laws of Puerto Rico, 1936 (p. 212), provides that "On the petition of any inteersted person, the Commissioner of Health . . . shall furnish a certified copy of any . . . marriage . . . certificate which has been recorded or registered in the general registry in accordance with the provisions of this Act." Section 38 goes on to provide that such a certified copy "shall constitute *prima facie* evidence before all courts of justice of the facts set forth therein."

It is obvious that the contention of the defendant is not well taken. The information which he complains was not in the certificate of the celebration of the marriages is not required to be contained therein. Under the quoted Section of Act No. 24 the marriage is proved by authenticated copies of the certificates of marriage, which were duly submitted in evidence herein.

■ Moreover, the magistrates who celebrated both marriages testified to that effect, which would have cured any defects of form in the certificates, if these defects had existed.

Section 271 of the Penal Code, 1937 ed., provides that "Every person having a husband or wife living who marries any other person, except in the cases specified in the next section, is guilty of bigamy". Section 272 provides that the preceding Section does not extend: ". . . 2. To any person by reason of any former marriage which has been pronounced void, annulled or dissolved by judgment of a competent court."

The defendant contends that under paragraph 2 of § 272 the government must prove in a prosecution for bigamy that the first marriage has not been annulled or dissolved by judicial action. But to determine what constitutes the crime of bigamy we look exclusively to § 271. Section 272 comes into play only if the defendant seeks to avail himself of any of the exceptions recited therein as a defense. Consequently, the government is not required to negative such an exception. Rather the defendant must show he comes within it. *People* v. *Huntley*, 269 P. 750 (Calif. 1928); *People* v. *Priestly*, 118 P. 965 (Calif. 1911). We have followed this rule in interpreting other criminal statutes. *People* v. *Avilés*, 54 P.R.R. 257; *People* v. *Giraud*, 52 P.R.R. 30.[1]

In any event, the fact is that the government, although not required to do so, negatived the exceptions listed in § 272 by presenting the testimony of the first wife to the effect that the first marriage had never been dissolved.

The other two alleged errors go to the sufficiency of the testimony. The jury did not believe the story of the defendant that he was drunk during the first ceremony and thought he was recognizing a child instead of being married. The other evidence in the case, offered by the district attorney, was sufficient to warrant conviction.

The judgment of the district court will be affirmed.

Mr Justice Todd, Jr., did not participate herein.

---

[1] In the *Avilés* case, we said at pp. 260–61: "If the exception has been included in the definition of the offense in such a manner that a complaint which omitted it would not state the different elements of the offense with sufficient accuracy and certainty, in that case it is indispensable to allege the exception in the complaint, that is to say, that the facts be stated which would tend to show that the case against defendant is not included within any other exception of the law. If on the contrary the exception appears in any other section of the law and the definition of the offense is so independent from the exception that the crime can be described with certainty and accuracy, without it being necessary to deny the exception, in that case the latter is considered a matter of defense and as such should be alleged and proved by the defendant."